The above entitled actions, which were pending in the Superior Court of Brunswick County at January Term, 1928, were referred under C. S., 573, for trial. They were thereafter consolidated by consent. After such consolidation, they were tried by the referee, who duly filed his report, setting out therein his findings of fact and his conclusions of law. This report, with exceptions filed thereto, came on for hearing at June Term, 1932, before Honorable Henry A. Grady, judge presiding. At this hearing it was agreed by all parties that a jury trial of the issues raised by the exceptions to the report of the referee should be, and the same was waived. It was further agreed that the judge presiding should review all the evidence taken at the trial by the referee, together with the exceptions filed to the report, and should thereafter render his judgment. The judgment rendered was as follows:
"After reviewing the evidence in a careful manner, and after hearing the argument of counsel for the several parties, and considering all the exceptions filed, the court finds the following facts:
1. The defendant, Robert F. Inman, was elected treasurer of Brunswick County at an election held in November, 1924, for a term of two years, beginning with the first Monday in December, 1924, and ending on the first Monday in December, 1926. It was his duty under the law to file a good and sufficient bond for the faithful performance of his duties as the treasurer of said county, and also an additional bond for the faithful performance of his duties as treasurer of the funds and property coming into his hands belonging to the board of education of said county.
2. On 15 December, 1924, the board of commissioners of Brunswick County, which is a body corporate and politic, in meeting assembled, passed a resolution granting the said Robert F. Inman until 5 January, *Page 544 
1925, within which to file his official bond as treasurer, both for the general funds and for the school funds of said county, which resolutions are copied in the fourth articles of the respective complaints filed in these causes.
3. On 26 December, 1924, the said Robert F. Inman appeared before said board of commissioners and tendered the said board a proper bond, and requested said board to induct him into office as treasurer of said county. Thereupon the said board of commissioners adopted a resolution accepting and approving said bond, and the said Robert F. Inman took the oath required by law and was duly inducted into the office of treasurer of Brunswick County; said resolution appears in paragraph five of the complaint and is made a part of this finding of fact. Said bond was in the penal sum of $25,000, and was issued and executed by the defendant, American Surety Company of New York, conditioned as required by statute in such case made and provided. Said bond was not signed by the said Robert F. Inman, but was regularly and properly issued by said American Surety Company of New York, tendered by him as his official bond, and accepted by the plaintiff, board of commissioners of Brunswick County.
4. The defendant, Robert F. Inman, thereupon assumed the duties of the office of treasurer of Brunswick County, and settled with the Murchison National Bank for all funds it had in hand belonging to said county, and immediately thereafter took control of the said funds, and the Murchison National Bank accounted to the said Robert F. Inman for all funds which it had, or should have had, in its hands belonging to said county.
5. On 5 January, 1925, the said Robert F. Inman appeared before said board of commissioners of Brunswick County in meeting assembled and tendered a bond in the penal sum of $30,000, for the faithful performance of his duties as treasurer of the school funds of said county, which bond was also issued and signed by the defendant, American Surety Company of New York, conditioned as required by law in such cases made and provided, and the same was accepted by said board of commissioners, and thereafter the said Robert F. Inman, either in person or through his duly constituted agent as hereinafter stated, exercised the functions of treasurer of said school funds for said county. At the same time the said Robert F. Inman requested said board of commissioners to accept a substitute bond in the penal sum of $15,000, in lieu of the former bond of $25,000, delivered by him to said board, conditioned upon the faithful performance of his duties as county treasurer in handling the general county funds coming into his hands as such; and thereupon said board of commissioners adopted a resolution agreeing *Page 545 
to accept a substitute bond in the penal sum of $15,000 in lieu of the $25,000 bond previously executed and delivered by the said Inman to the said board, which bond in the penal sum of $15,000 was also issued by the defendant, American Surety Company of New York. A correct copy of said resolution appears in the sixth paragraph of the complaint, and is made a part of this finding of fact. A correct copy of said $15,000 bond is attached to the complaint, marked Exhibit `B,' and is made a part of this finding of fact; a correct copy of said $30,000 bond is attached to the complaint, marked Exhibit `A,' and is made a part of this finding of fact.
Said board of commissioners of Brunswick County approved and accepted said bond in the penal sum of $30,000, tendered to said board by the said Robert F. Inman, and the American Surety Company of New York, conditioned upon the faithful performance of his duties in handling the school funds of Brunswick County, and also accepted the said $15,000 bond executed by the said Robert F. Inman and the American Surety Company of New York, conditioned upon the faithful performance of his duties in handling the general county funds as treasurer of said county, which said bond in the sum of $15,000, the board of commissioners undertook to accept and approve in lieu of the $25,000 bond theretofore executed by the American Surety Company of New York, and delivered to the said board by the said Robert F. Inman, treasurer as aforesaid; and said board, by resolution, ordered the cancellation of said $25,000 bond.
6. The defendant, E. H. Smith, was elected county attorney of Brunswick County at the December, 1924, meeting of the board of commissioners of said county and continued to act as such attorney until December, 1926. Soon after his election and induction into office, an agreement was made by and between the said E. H. Smith and Robert F. Inman, treasurer, whereby the said E. H. Smith, as agent and representative of the said Robert F. Inman, was to handle all of the county and school funds, and was to do and perform all of the acts and things required of the said Robert F. Inman, as treasurer of said county, in the place and stead of the said Robert F. Inman, and during the entire time of his incumbency as treasurer of said county, the said Robert F. Inman acted in name only, the said E. H. Smith being the de facto and actual treasurer of said county under the agreement above mentioned; and all of the duties imposed by law upon the treasurer of said county, so far as any were done and performed, were done and performed by the said E. H. Smith, or under his supervision, guidance and direction with the full knowledge and consent of the said Robert F. Inman, treasurer, as aforesaid. *Page 546 
7. On 3 May, 1926, at a regular meeting of the board of commissioners of Brunswick County, a resolution was adopted, which is copied in the eighth finding of fact of the referee in his original report, which in substance recites that a corporation known as the Hale Beach Development Company was then being organized by the said E. H. Smith, attorney, and providing that the sum of $75,000 should be appropriated by the county for the building of a road and causeway `across the sound from the mainland to the beach at the east end of what is known as the Gause Beach, and which was formerly owned by W. A. Bland, Sr., and such other roads as are necessary to connect with highway.' It was provided in said resolution that one-half of said appropriation of $75,000 was to be returned to the county out of the proceeds from the sale of stock and lots in said Development Company.
On the same day a contract was entered into by and between said board of commissioners and Hale Beach Development Company, by E. H. Smith, attorney, attempting to carry into effect the provisions of said resolutions, which purported and attempted contract is set out in full in the eighth finding of fact of the referee in his original report.
8. The board of commissioners of Brunswick County had never established, laid out or attempted to lay out and establish any causeway from Gause Landing across the sound to Hale Beach, nor had they provided or attempted to provide for the expenditure of any money on said causeway; at the time of said attempted contract and the adoption of said resolution referred to in the next preceding finding of fact, there was no such corporation in existence as the Hale Beach Development Company, the said corporation having been thereafter chartered on 1 September, 1926.
After the issuance of the charter of said Hale Beach Development Company by the State of North Carolina, some time after 1 September, 1926, there was a meeting of the incorporators, but at no time, at said meeting or at any subsequent meeting, did the said corporation, through its officers and directors, approve, adopt or ratify the resolution of the board of commissioners, or the contract made by and between the said board of commissioners and E. H. Smith, nor has said corporation, or the said E. H. Smith, ever listed the Hale Beach Corporation's land for taxation at a value that would produce interest at the rate of 6 per cent per annum on one-half of the money that has been spent by the said E. H. Smith upon said project, nor did the said Smith, or any one else in his behalf, inquire of the said board of commissioners whether or not the said board desired bond, nor did the said Smith ever tender to, or file with the said board a bond for the faithful performance by him of said attempted contract, as therein provided. The court is of the *Page 547 
opinion, and so holds, that the resolution adopted by the said board of commissioners, and the attempt on the part of said board and E. H. Smith to carry the provisions thereof into effect under the purported contract executed by them, were without warrant of law, or any original authority vested in said board of commissioners, and that, therefore, said resolution and purported contract are void and of no force and effect.
9. Some time during the year 1922, a petition was filed with said board of commissioners relative to the establishment of a road from Grissett Town to Gause Landing, which said petition is fully set out in the referee's eleventh finding of fact in his original report. Said petition was approved by the proper authorities, and a public road ordered established in accordance therewith.
10. On 3 May, 1926, said board of commissioners adopted a resolution, which is set out in full in the thirteenth finding of fact in the original report of the referee, which resolution provided for the issuance of $75,000 worth of county notes, to be issued in anticipation of the collection of taxes for the expense of the county, for which the county has lawfully levied, or will levy taxes. Said notes were to be dated 3 May, 1926, bearing interest at the rate of 6 per cent per annum, payable 3 November, 1926, and 3 February, 1927.
On the same day, and at the same meeting, the said notes, aggregating $75,000, were sold to Bray Brothers, of Greensboro, N.C. who gave to J. J. Knox, chairman of said board of commissioners a check for $75,000 in payment therefore, and said check was handed by the chairman of the said board to the defendant, E. H. Smith, acting as a representative of Robert F. Inman, treasurer of Brunswick County, who received the same as such acting and de facto treasurer.
11. On 11 May, 1926, the defendant, E. H. Smith, deposited said check in the Home Savings Bank, Wilmington, N.C. to the credit of `Brunswick County, E. H. Smith, attorney,' and on 21 May, 1926, the said E. H. Smith drew a check on said Home Savings Bank against said account, for the sum of $37,500, payable to the Hale Beach Corporation, which said check was paid by the said Home Savings Bank, and the sum of $37,500 credited to the account of said Hale Beach Corporation in said bank; said check for $37,500 was signed `Brunswick County, by E. H. Smith,' and thereafter, on 24 July, 1926, the Hale Beach Corporation, through E. H. Smith, its attorney, drew its check for the sum of $31,575, payable to Brunswick County, and said check was deposited in said Home Savings Bank by the said E. H. Smith, and credited to the account of Brunswick County. Said item of $31,575 constituted a return by the Hale Beach Corporation to the county of Brunswick *Page 548 
of a part of the item of $37,500, theretofore credited to the account of said Hale Beach Corporation, on 21 May, 1926.
12. On or about 12 July, 1926, the chairman of the board of commissioners, sent by the defendant, E. H. Smith, in an envelope, to W. H. Walker, register of deeds of Brunswick County, a letter in words as follows: `6/10/26. W. H. Walker: Don't record the resolution that you have in the Hale Beach Corporation matter, as there seems to be some misunderstanding in the matter about the legal effect in matter. Very truly yours (signed) J. J. Knox.'
E. H. Smith knew the contents of said letter, and no further action was taken at that time with reference to rescinding said contract. At a meeting of the board of commissioners in July, 1926, the register of deeds was told that said resolution awarding the contract to the Hale Beach Corporation was withdrawn, whereupon said register of deeds entered in pencil at the top of the resolution the word, `Withdrawn.' No formal action was taken by said board of commissioners looking to a withdrawal of said resolution, and cancellation of said contract until some time after 28 October, 1926, at or about which time the following was entered, and signed, at the bottom of the letter from J. J. Knox to W. H. Walker, of date 12 June, 1926: `This resolution and agreement has been withdrawn. This 6 June, 1926 (signed) J. J. Knox, chairman board of county commissioners; Troy Hewitt, member; W. H. McLamb, member; E. H. Smith, attorney.'
13. Pursuant to the petition and action of the board of commissioners, and of the county road commission hereinbefore referred to, the county commissioners of Brunswick County duly advertised, laid off and adopted a public road from Grissett Cross Roads to Gause Landing. The causeway across the sound from the mainland to Hale Beach, as provided for in the resolution hereinbefore referred to, was to extend the said road across the sound to said beach; but in respect to said causeway, the court finds that it was nothing more or less than a private enterprise promoted by the said E. H. Smith, for which the county of Brunswick could receive no possible benefit.
14. During the two years in controversy, covering the tenure of the said Robert F. Inman as treasurer, the defendant, E. H. Smith, acting for and in behalf of the said treasurer, withdrew from funds belonging to the school funds of said county the sum of $19,580.66 and deposited the same to the credit of the general county funds; between 3 May, 1926, and 29 October, 1926, the defendant, E. H. Smith, in his capacity as de facto treasurer, expended from the Brunswick County general fund the sum of $47,694.52. *Page 549 
Of this amount, the sum of $10,334 was expended in the construction of the public road from Grissett Cross Roads to Gause Landing, and the sum of $37,360.52, was expended in connection with the construction of the causeway from Gause Landing, across the sound, to Hales Beach. In making such expenditures the said E. H. Smith, from time to time, drew checks on the Brunswick County funds on deposit in the Home Savings Bank, which checks were signed `Brunswick County Funds, E. H. Smith, attorney.' Said checks did not indicate on their face the purpose for which such expenditures were being made; they were paid by the Home Savings Bank without any vouchers having been issued for the same, or any of the same, and no record of such expenditures appears on the treasurer's books, or in his accounts; said checks were drawn by the said E. H. Smith as representative of and in his capacity as agent for, the said Robert F. Inman, treasurer of said county, to the same effect as if said checks had been drawn by the treasurer himself.
15. During said period, from 3 May, 1926, to 20 October, 1926, the individual members of the board of commissioners of Brunswick County had actual knowledge of the fact that said construction was in progress, and took no action to withdraw the resolution or cancel the contract, hereinbefore referred to, until about 28 October, 1926, at which time said resolution was withdrawn, and said contract canceled, and no expenditures were made on account of said construction work after said date.
16. On 30 November, 1925, there was a balance on deposit in the Bank of Cherryville of $25,000 of Brunswick County funds, together with a credit of accrued interest of $336.70, which funds came into the hands of the treasurer of Brunswick County by virtue of his office; and the defendant, E. H. Smith, from time to time, withdrew from said Bank of Cherryville the sum of $25,336.70, thereby closing said account.
17. The referee finds as a fact, and said finding is approved by the court, that the said E. H. Smith, during the time he was acting as de facto
treasurer of Brunswick County, expended the sum of $59,461.15, of which amount the sum of $34,094.45 was by disbursement of funds deposited in said Home Savings Bank by E. H. Smith, acting in behalf of the treasurer, and the sum of $25,366.70 was by disbursement of amounts withdrawn by the said E. H. Smith, acting on behalf of the treasurer, from the Bank of Cherryville; and of the total shortage of $59,461.15, the sum of $47,694.52 was expended by said E. H. Smith in the construction of said causeway and public road, extending from Grissette Cross Roads to Gause Landing, thence across the sound to the private property of the said E. H. Smith, known as Hales Beach. Said findings of fact by the referee are hereby approved and reaffirmed by the court. *Page 550 
18. The court finds as a fact, in conformity with the findings of the referee, that the Home Savings Bank paid all checks drawn by the said E. H. Smith, in good faith, nor did said bank or any of its officials or employees profit, either directly or indirectly on account of said withdrawals or receive any of the proceeds thereof; but all the said checks were paid by said bank in due course of business, just as said bank would pay the checks of other depositors; that said bank had no knowledge, express or implied, that said checks were improperly presented or that the funds derived therefrom were improperly expended by the said E. H. Smith; but, to the contrary, the officers of said bank were specially informed by the chairman of the board of commissioners of Brunswick County that said funds were properly deposited, and that the sum of $75,000 was to be used for the purpose of defraying the expense incident to the construction of said road and causeway as provided for in the resolution and contract hereinbefore referred to. The court is, therefore, of the opinion that the said Home Savings Bank, and Gurney P. Hood, Commissioner of Banks, who has been substituted as a defendant in the place and stead of said Home Savings Bank, are not liable in this action, either to the plaintiffs, or to their codefendants, for any funds expended by the said E. H. Smith or any withdrawals made by him in the prosecution of the Hale Beach development; and as to the said Home Savings Bank and Gurney P. Hood, Commissioner of Banks, the plaintiffs and the defendant, American Surety Company of New York are nonsuited.
19. The court is of the opinion, and so finds as a fact, that the $15,000 bond filed by the said Robert F. Inman as treasurer of Brunswick County, on 5 January, 1925, was intended by the surety company as a substituted bond, and that the said surety company issued said bond and delivered the same to the said Robert F. Inman upon the distinct understanding and agreement that the former bond in the penal sum of $25,000 filed 26 December, 1924, was to be canceled and abrogated, and that it would be unjust and inequitable for the court to hold, under the facts, that the defendant, American Surety Company of New York, is now liable upon both bonds. However, the court is of the opinion that the $25,000 bond, although not signed by the said Robert F. Inman, was a valid and subsisting obligation on the part of the said American Surety Company of New York, and the attempted cancellation thereof by the board of commissioners of Brunswick County was a nullity and of no force and effect. Therefore, the court holds as a matter of law that the plaintiffs are not entitled to recover anything out of said American Surety Company of New York on account of said $15,000 bond; but *Page 551 
that the plaintiffs are entitled to recover out of said American Surety Company of New York, on account of said $25,000 bond, as will be hereinafter adjudged.
20. The court finds as a fact from the evidence offered that the total sums of money wrongfully and unlawfully expended by the said E. H. Smith, acting as treasurer of Brunswick County, from funds on deposit in both the Home Savings Bank and the Bank of Cherryville amounted to $59,461.15; that no vouchers were issued for any of said expenditures as required by law, that no itemized statements were ever filed by the said E. H. Smith representing said expenditures; but it is also found as a fact that of the said sum of $59,461.15, the county of Brunswick was actually benefited to the extent of $10,334, said amount having been expended by the said E. H. Smith on the construction of a public road from Grissette Cross Roads to Gause Landing, which road had theretofore been regularly laid off and established as provided by law; and the court is of the opinion that the county of Brunswick ought not now to be allowed to recover said sum out of the said E. H. Smith, Robert F. Inman, or the surety on the bonds hereinbefore referred to.
According to the foregoing statement, the balance for which the said E. H. Smith and the said Robert F. Inman are liable amounts to $49,127.15; and the court finds as a fact that said sum is the total amount now due and owing by the said E. H. Smith and Robert F. Inman to the plaintiffs. Of the foregoing amount, the court finds as a fact that the sum of $19,580.66 belonged to the school funds of Brunswick County, and the remainder, to wit: $29,546.49, belonged to the general county fund.
All of the findings of fact in the original and supplemental report filed by the referee, which are in conformity with the foregoing findings of the court, or which are not herein expressly overruled, are reaffirmed and adopted; and all findings of fact made by the referee, which are not in conformity with the foregoing findings by the court are overruled and disaffirmed.
All of the exceptions filed by the plaintiffs and the defendants which are not in harmony with the findings by the court are overruled; and those exceptions which are in harmony with the findings of the court are sustained. The court does not set out and refer to said exceptionsseriatim; but all of them have been carefully considered in connection with the evidence and arguments of counsel, and the foregoing rulings in respect to said exceptions are made for the purpose of brevity, and in conformity to the decision in Abbitt v. Gregory, 201 N.C. 577.
Wherefore, upon the foregoing findings of fact by the court, and the findings of the referee, which are adopted and not overruled, it is now, *Page 552 
Ordered, adjudged and decreed that the plaintiffs have and recover of the defendants, E. H. Smith, Robert F. Inman and the American Surety Company of New York, for the use and benefit of the general county fund, the sum of $29,546.49, with interest at the rate of 12 per cent per annum from 20 October, 1926, together with the costs of this action, to be discharged insofar as the American Surety Company of New York is concerned upon the payment of the sum of $25,000.
It is further ordered, adjudged and decreed that the plaintiffs have and recover of the defendants, E. H. Smith, Robert F. Inman and the American Surety Company of New York, for the use and benefit of the school fund of Brunswick County, the further sum of $30,000, to be discharged upon the payment of the sum of $19,580, with interest thereon at the rate of 12 per cent per annum from 20 October, 1926.
It is further ordered, adjudged and decreed that the plaintiffs have and recover of the defendant, Hales Beach Corporation, the sum of $37,360. 52, with interest thereon at the rate of 12 per cent per annum from October, 1926; which amount, when and if collected, shall be credited upon the foregoing recoveries against E. H. Smith and Robert F. Inman; said amount being the total sum expended by E. H. Smith in the construction of the causeway from Gause Landing to Hales Beach.
It is further ordered, and adjudged that upon the payment by the American Surety Company of New York of the foregoing sum of $29,546.49, interest and costs, that the said Surety Company shall thereupon be subrogated to the rights of the plaintiffs in respect to the recovery hereinbefore adjudged against the said Hales Beach Corporation in excess of the amount necessary to pay the balance due by said Hale Beach Corporation to the plaintiffs under recoveries hereinbefore adjudged.
It is further ordered and adjudged that neither the plaintiffs nor the American Surety Company of New York is entitled to recover anything out of the Home Savings Bank or Gurney P. Hood, Commissioner of Banks, and all causes of action alleged by the plaintiffs or the said American Surety Company of New York against said bank and said Commissioner of Banks are hereby nonsuited.
Done at Wilmington, N.C. this 5 July, 1932.
HENRY A. GRADY, Judge Presiding."
From this judgment, the plaintiff, the board of commissioners of Brunswick County, and the defendants, American Surety Company of New York, and E. H. Smith and Hale Beach Corporation, respectively, appealed to the Supreme Court. *Page 553 
It must be conceded that the transactions involved in the controversies out of which this action has arisen, were at least irregular. It does not follow, however, that no rights or liabilities arose out of the transactions, because they were irregular. It is difficult, because of these irregularities, to determine the rights and liabilities of the respective parties to the action, in accordance with well settled principles of law and clear statutory provisions, which are ordinarily applicable to such transactions, and should be strictly followed by public officials, and by those who deal with them in matters affecting the public, but a review of the entire judgment as set out in the record leads us to the conclusion that the assignments of error on which the appellants rely in their respective appeals for a reversal or modification of the judgment cannot be sustained, and that the judgment should be affirmed. There was sufficient evidence to support the findings of fact on which the judgment was rendered, and for this reason we shall consider only assignments of error based on exceptions to the judgment.
The bond in the penal sum of $25,000, dated 23 December, 1924, and duly executed by the defendant, American Surety Company of New York, was not signed by the defendant, Robert F. Inman, the principal, at the time the said bond was tendered by him to the board of commissioners of Brunswick County, and accepted by said board, as his official bond. This was at least an irregularity. The statute provides that such bond, when duly executed by the principal and the surety, and otherwise in compliance with the law, shall be accepted, upon presentation, by the person who is authorized to take, accept and file the bond. C. S., 344. However, in the instant case, the bond was presented by Robert F. Inman as his official bond, and at his request was accepted by the board of commissioners as such bond. He was immediately inducted into his office as treasurer of Brunswick County. He undertook to perform and did perform official duties, by virtue of and under said bond. On 5 January, 1924, both he and the American Surety Company of New York, recognized their respective liabilities under this bond, when they offered another bond in substitution therefor, and asked that said bond be canceled. Both the defendant, Robert R. Inman, as principal, and the defendant, American Surety Company of New York, are now estopped *Page 554 
to deny the validity of the bond, on the ground that the bond was not signed by Robert F. Inman, as principal. The bond remained in full force and effect, according to its terms, during the continuance of the term of office of Robert F. Inman, as treasurer of Brunswick County, unless the order of the board of commissioners that the bond be canceled, was valid.
On 5 January, 1925, the board of commissioners of Brunswick County, at the request of the defendant, Robert F. Inman, and the defendant, American Surety Company, ordered that the bond in the penal sum of $25,000 be canceled as of that date, and that a bond in the sum of $15,000 be accepted in substitution for said bond. These defendants contend that they were thereby released from further liability under said bond. This contention cannot be sustained. The board of commissioners, having accepted the bond for $25,000 as the official bond of the defendant, Robert F. Inman, treasurer of said county, were without power to release him or his surety from liability under the bond, by ordering that the said bond be canceled.Fidelity Co. v. Fleming, 132 N.C. 332, 43 S.E. 899. In that case it is said: "There can be no doubt as to the intention of the commissioners to release the plaintiff as surety for the sheriff, but it is not a question of intention, but one of power, and the authority to release must be derived, either by expression or implication, from some statute. If the statutory power did not exist at the time the commissioners attempted to release the plaintiffs, then the act of the commissioners was invalid, no matter how clearly and explicitly they expressed their intention to release." In the absence of a statute specifically authorizing the board of commissioners of a county to cancel an official bond, which the board has taken, accepted and filed, in the performance of its official duty, the duty imposed by section 2 of Article VII of the Constitution upon such board, with respect to the finances of the county, does not confer upon the board such power. There is no error in the judgment in this action that the defendants, Robert F. Inman and American Surety Company of New York, are liable on the bond in the penal sum of $25,000, notwithstanding the order of the board of commissioners that said bond be canceled.
The bond in the penal sum of $15,000, dated 31 December, 1924, and executed by both the defendant, Robert F. Inman and the defendant, American Surety Company of New York, was tendered by said defendants, and accepted by the board of commissioners of Brunswick County, in lieu of and in substitution for the bond in the penal sum of $25,000. It was not contemplated by the parties to said bond that it should be cumulative, and there is no error in the judgment to that effect. On the facts found by the court, it would be unjust and inequitable to hold otherwise, and we concur in the opinion to that effect of Judge Grady. *Page 555 
There is no liability under this bond, because it was rendered and accepted upon condition that the principal and surety should be released from liability under the bond in the penal sum of $25,000. As the condition could not be performed, there was no liability under the bond.
The expenditure by the defendant, E. H. Smith, of the sum of $10,344, out of the money in his hands as agent for Robert F. Inman, treasurer of Brunswick County, in the construction of a public road from Grissett's Cross Road to Gause Landing, was irregular, but on the finding that Brunswick County has received the benefit of such expenditure, there is no error in the judgment with respect to this sum. It was proper to allow the defendant, Robert F. Inman, treasurer, credit for this sum. Realty Co. v.Charlotte, 198 N.C. 564, 152 S.E. 686.
There is no error in the judgment that the plaintiffs respectively recover of the defendant, Robert F. Inman, as principal, and of the defendant, American Surety Company of New York, the penal sums of their respective bonds, to be discharged in accordance with the terms of the judgment. The contention of the plaintiff, the board of commissioners of Brunswick County that it was entitled to judgment against the Home Savings Bank of Wilmington, N.C. cannot be sustained. This bank was not a depository of Brunswick County. It is not liable to the plaintiff for amounts which it paid to its depositor, E. H. Smith, attorney, on checks signed by him.
The contentions of the defendants with respect to their rights as against each other have been duly considered. They cannot be sustained. There is no error in the judgment.
Affirmed.