STATE OF NORTH CAROLINA ON THE RELATION OF JOSEPH B. CHESH-IRE, JR., GUARDIAN OF FRANK BRIGGS HOWARD, A MINOR, v. IRMA R. HOWARD, M. G. JONES, AND A. M. MOORE.

(Filed 28 January, 1935.)

1. **Guardian and Ward B e—Sureties on guardianship bond held estopped by recital in bond from attacking validity of guardian's appointment.**

   Persons signing a guardianship bond as sureties, which bond recites that the guardian therein bonded had been duly appointed by the clerk, are estopped by the recital in the bond from attacking the validity of the appointment of the guardian for that the guardian had not signed the application for appointment or the required oath, the guardian having been appointed by the clerk and having received the estate pursuant thereto and filed the bond signed by the sureties, and the guardian not denying the validity of her appointment or her liability as guardian.

2. **Guardian and Ward H a — Persons signing guardianship bond as sureties are not relieved of liability thereon by guardian's failure to sign.**

   Although the acceptance by the clerk of a guardianship bond without the signature of the guardian as principal thereon, C. S., 2162, 2163, is an irregularity, the sureties signing the bond are not thereby relieved of liability, the guardian being liable because filing the bond with the court, and the sureties being liable because signing same, and the failure of the guardian to sign same being a mere technical defect resulting in no injury to the sureties since upon payment by them upon default of the guardian a cause of action accrues in their favor against the guardian.

3. **Same—Allegation that liability of sureties on guardianship bond was conditioned upon signature of guardian held insufficient to state defense.**

   Defendants signed the guardianship bond in question on the same day the guardian therein named was appointed. In an action against them on the bond they alleged that they signed the bond upon assurance that the guardian therein named would sign the bond, and that the bond would not be effective as to them unless signed by the guardian, and that the guardian did not sign the bond until the institution of the action: *Held*, it was not error for the court to refuse to admit evidence in support of such allegations since it was not alleged by whom such assurances had been given, and it being doubtful whether the clerk could have accepted the bond conditionally.

APPEAL by defendants M. G. Jones and A. M. Moore, from *Grady, J.*, at June Term, 1934, of WAKE. Affirmed.

This is an action to recover damages for the breach of a guardian's bond. The action was begun on 31 August, 1933.

Judgment by default and inquiry was rendered by the clerk of the Superior Court of Wake County, on 30 October, 1933, in favor of the plaintiff and against the defendant Irma R. Howard, as principal, because of her failure to demur or file answer to the complaint. She did not except to or appeal from the judgment.

When the action was called for the trial of the issues raised by the answers of the defendants M. G. Jones and A. M. Moore, a trial by jury was duly waived, and it was agreed by the parties to the action that the judge might hear the evidence, find the facts, and render judgment accordingly.

Pursuant to said agreement, the judge heard the evidence, found the facts, and rendered judgment as follows:

"This cause coming on to be heard at June Term, 1934, of the Superior Court of Wake County before his Honor, Henry A. Grady, judge presiding, and the parties hereto having agreed in open court that his Honor might hear the evidence and find the facts without the intervention of a jury, and render judgment either in or out of term, and either in or out of the district, and his Honor having heard the evidence of the plaintiff, and having permitted the defendants M. G. Jones and A. M. Moore to examine their codefendant, Irma R. Howard, before the clerk, and a transcript of the evidence taken at the examination of Irma R. Howard being before the court, his Honor finds the following facts:

1. Irma R. Howard qualified as the guardian of Frank Briggs Howard before the clerk of the Superior Court of Wake County, North Carolina, on 11 February, 1925, by giving bond in the penal sum of $4,666.67, with the defendants M. G. Jones and A. M. Moore, as sureties. The defendant Irma R. Howard did not sign the bond at the time of her qualification, but has signed the same since the institution of this action. The defendants M. G. Jones and A. M. Moore each signed the said bond and justified before the clerk of the Superior Court of Wake County. A true copy of the bond is attached to the complaint of the plaintiff in this action.

2. Irma R. Howard, as guardian of Frank Briggs Howard, received the sum of $2,333.33, a part of which, to wit: $121.53, she expended for the benefit of Frank Briggs Howard without court authority, and the balance of which, to wit, $2,211.81, she loaned to her brother-in-law, M. B. Crigler, of Cheraw, South Carolina, upon his promissory note, without endorsement, and without taking any security therefor. M. B.

Crigler is now insolvent. Irma R. Howard received interest upon the note of M. B. Crigler from the date of its execution to 1 September, 1933, which she expended for the care and maintenance of her ward, and that such expenditure, though without court authority, was reasonable and necessary for her ward's welfare.

3. Irma R. Howard was removed as guardian ·of Frank Briggs Howard, for sufficient cause and after the notice prescribed by law, on 27 July, 1933, and Joseph B. Cheshire, Jr., was thereupon appointed and qualified as the guardian of Frank Briggs Howard.

4. The defendant Irma R. Howard had been grossly negligent in the management of the estate of her ward, Frank Briggs Howard.

5. The answers of the defendants M. G. Jones and A. M. Moore do not constitute a valid defense to the action.

6. Irma R. Howard has property which should be applied *pro tanto* to the satisfaction of this judgment.

It is now therefore considered, ordered, and adjudged by the court that the plaintiff Joseph B. Cheshire, Jr., guardian of Frank Briggs Howard, have judgment against and recover from Irma R. Howard, as principal, and M. G. Jones and A. M. Moore, as sureties, jointly and severally, the sum of $4,666.67, the penalty of their bond, the same to be discharged upon the payment of the sum of $2,333.33, with interest thereon from 1 September, 1933, compounded annually, until paid, together with the costs of this action.

It is further considered, ordered, and adjudged by the court that as between the defendants herein, without affecting the right of the plaintiff to recover of all the defendants herein in accordance with the judgment hereinbefore pronounced, Robert N. Simms, Jr., be appointed receiver in this action to take into his possession all the property, both real and personal, tangible and intangible, of the defendant, Irma R. Howard, and sell and collect upon the same, or so much thereof as may be necessary for the satisfaction of this judgment, including the costs and expenses of this action, and the reasonable costs and expenses of the receiver as the same may be allowed by the court. The receiver shall have all the power conferred upon receivers by statute in such cases. The bond of the receiver is fixed at $250.00, to be approved by the clerk of the court.

Execution shall not issue herein for a period of six months from this date if the defendants M. G. Jones and A. M. Moore shall, within ten days, execute and deliver to the clerk of this court sufficient bond, to be approved by him, in the penal sum of $4,666.67, conditioned upon the payment of this judgment in full, principal, interest, and costs. The court reserves the right to further suspend execution against the defendants upon a proper showing."

The defendants M. G. Jones and A. M. Moore excepted to the foregoing judgment, and appealed to the Supreme Court, assigning errors based upon their exceptions to the admission of evidence, to the findings of fact, and to the judgment.

*Paul F. Smith for plaintiff.*
*Weisner Farmer for defendant M. G. Jones.*
*Simms & Simms for defendant A. M. Moore.*

CONNOR, J. On their appeal to this Court, the defendants M. G. Jones and A. M. Moore contend:

1. That there was error in the finding by Judge Grady that the defendant Irma R. Howard qualified as guardian of Frank Briggs Howard before the clerk of the Superior Court of Wake County on 11 February, 1925, for that it appears from the record in the proceeding entitled, "In the matter of Frank Briggs Howard, a minor," that the said defendant did not, before the commencement of this action, sign either the application for her appointment as such guardian or the oath appearing in said record;

2. That there was error in the holding by Judge Grady that the defendants M. G. Jones and A. M. Moore, who signed the bond sued on in this action as sureties, are liable on said bond, notwithstanding the failure of the defendant Irma R. Howard, who is named in said bond as principal, to sign the same;

3. That there was error in the holding by Judge Grady that the facts alleged in the answers filed by the defendants M. G. Jones and A. M. Moore are not sufficient to constitute a defense to this action, and that for that reason evidence tending to support the said allegations was irrelevant.

The allegations in the answers are to the effect that each of said defendants signed the bond sued on in this action as surety on the assurance that the defendant Irma R. Howard would sign the same as principal, and that said bond would not be effective as to said defendants, or either of them, unless and until the said Irma R. Howard had signed the same as principal.

Each of these contentions is presented to this Court by assignments of error duly made by appellants on this appeal. Neither of them can be sustained.

1. The first contention cannot be sustained because all the evidence on the hearing before Judge Grady shows that the defendant Irma R. Howard was appointed by the clerk of the Superior Court of Wake County, upon her application, as guardian of Frank Briggs Howard, her infant son, on 11 February, 1925, and that after such appointment

and pursuant thereto, she received the sum of $2,333.33 as guardian of the said Frank Briggs Howard, and undertook to perform her duties as such guardian. Prior to her appointment, she had filed the bond sued on in this action. This bond is signed by the defendants M. G. Jones and A. M. Moore, as sureties, and is duly recorded in the office of the clerk of the Superior Court of Wake County. She does not deny the validity of her appointment, or her liability as guardian of her ward. She has not appealed either from the judgment against her by default and inquiry or from the judgment that plaintiff recover of her as principal in the bond the sum of $2,333.33, with interest and costs. Neither of the appealing defendants can challenge in this action the validity of the appointment or qualification of the defendant Irma R. Howard as guardian of Frank Briggs Howard, or deny her liability for her breach of the bond sued on in this action.

The failure of the clerk of the Superior Court of Wake County to require the defendant Irma R. Howard to sign the application for her appointment as guardian, or to sign the oath appearing in the record, is an irregularity, for which no excuse or explanation appears in the record; such irregularity, however, does not render the appointment void as against the defendant Irma R. Howard, or as against the defendants M. G. Jones and A. M. Moore. The bond contains a recital to the effect that the defendant Irma R. Howard had been appointed by the clerk of the Superior Court of Wake County as guardian of Frank Briggs Howard, a minor. This recital is conclusive on the defendants M. G. Jones and A. M. Moore. They are estopped by the recital in the bond which they signed as sureties from denying in this action the validity of the appointment or qualification of their principal as guardian of her ward. *State ex rel. Barnes v. Lewis,* 73 N. C., 138. In that case it was held that the defendant was estopped by the recital in the bond which he had signed as surety to deny that the principal in the bond had been rightfully appointed as guardian.

2. The second contention cannot be sustained because there is no statute in this State which requires a guardian of an infant, who has been appointed by a court of competent jurisdiction to sign the bond which such guardian is required by statute to file with the court before he is permitted to receive property belonging to the estate of his ward. It is provided by statute that "every guardian of an estate, before letters of appointment are issued to him, must give bond payable to the State, with two or more sufficient sureties, to be acknowledged before and approved by the clerk of the Superior Court, and to be jointly and severally bound." C. S., 2162. Such bond must be recorded in the office of the clerk of the Superior Court by which the guardian was appointed. C. S., 2163.

The bond in the instant case was signed by the defendants M. G. Jones and A. M. Moore, and acknowledged by them before the clerk of the Superior Court of Wake County. It was duly recorded in the office of said clerk. The bond was executed by the sureties and recorded by the clerk in strict compliance with the statute.

Undoubtedly, the statute contemplates that the bond shall be signed and acknowledged by the guardian as principal, as well as by the sureties. The acceptance and approval of the bond by the clerk of the Superior Court without the signature of the guardian as principal is an irregularity, but such irregularity does not render the bond void either as to the principal or as to his sureties. Both the guardian and the sureties are bound—the guardian because he has filed the bond with the court, the sureties because they have signed the bond. See *Comrs. v. Inman,* 203 N. C., 542, 166 S. E., 519; *S. v. Bradsher,* 189 N. C., 401, 127 S. E., 349.

The law applicable to this contention, as settled by judicial decisions, is stated in Stearns on the Law of Suretyship (4th Ed.), paragraph 149, as follows:

"The omission of the name of the principal as one of the signers of an official bond, even where his name appears in the body of the instrument as an obligor, is a mere technical defect and will not release the surety, except in those cases where the surety signs upon condition, known to the obligee, that the bond is not to take effect until signed by the principal. The sureties are not injured by the failure of the principal to sign; if they are compelled to pay the penalty of the bond because of the default of the principal, they can recover the amount back from the principal whether he signed the bond or not. When the bond is accepted and approved without the signature of the principal, and the latter enters upon his office by reason of the reliance of the obligee upon the bond, it would be giving the sureties the benefit of the contract without imposing its burdens to permit them to escape liability." This statement of the law is fully supported by the decisions cited in the notes.

3. The third contention cannot be sustained because it is not alleged in the answers by whom the assurance on which the defendants relied was given. It is not alleged that the clerk of the court gave the assurance, or that he was informed that the sureties had signed the bond conditionally. Even if it had been so alleged, it is doubtful whether the clerk of the court, who was required to approve and who did approve the bond, had the power to accept the bond conditionally. See *S. v. Bradsher, supra.* It is significant that in this case the appointment of the guardian was made on the same day that the bond was signed by the appealing defendants.

It is said in the brief filed in this Court for the appellants that this is a hard case. So it is. It is hard for the defendants to be called upon to answer for the default of the guardian, who is the mother of her ward. It would be equally as hard, however, if the ward should lose the money which was paid to his guardian to compensate him, in some measure, for the death of his father. The defendants voluntarily assumed liability for such loss as should result from the default of the guardian and cannot justly complain that the law now requires them to discharge their liability. There was no evidence tending to show that the sureties in this case were prejudiced by the irregularities appearing in the record. For that reason, the irregularities are immaterial.

We find no error in the judgment. It is

Affirmed.