STATE OF NORTH CAROLINA, ON BEHALF OF WILLIAM CHARLES BEA-
MAN, AND WILLIAM CHARLES BEAMAN, INDIVIDUALLY, v. NATIONAL
SURETY CORPORATION, A CORPORATION; MORDECAI VANN, GUARDIAN
OF WILLIAM CHARLES BEAMAN; MORDECAI VANN, INDIVIDUALLY;
FANNIE VANN, BONDSMAN; FANNIE VANN, INDIVIDUALLY; HENRY
VANN, INDIVIDUALLY; HENRY VANN AND I. M. VANN, EXECUTORS OF THE
ESTATE OF A. VANN, DECEASED, AND GURNEY P. HOOD, COMMISSIONER
OF BANKS OF THE STATE OF NORTH CAROLINA.

(Filed 20 May, 1936.)

**Guardian and Ward H a—Second guardianship bond held in substitution
of first, and bonds were not cumulative under facts of this case.**

The findings of fact, supported by evidence, were to the effect that,
upon the refusal of the clerk to issue letters·of guardianship prior to the
filing of the statutory bond, applicant filed a bond with an individual
surety pending the filing of a bond by a corporate surety, the individual
surety being the local agent of the corporate surety, that thereafter bond
with the corporate surety was duly filed before any funds were placed
in the hands of the guardian, and that thereupon the clerk made a nota-
tion on the original bond to the effect that the individual surety was
released therefrom upon the filing of the bond with the corporate surety.
It further appeared that the corporate surety alone received the premium
for the bond, and that upon the later insolvency of the corporate surety,
its successor corporation filed an assumption agreement of record. *Held:*
The release of the individual surety appearing of record at the time of
the filing of the assumption agreement by the successor corporate surety,
the successor corporate surety is alone liable on the bond and is not
entitled to contribution from the individual signing the original bond, the
bonds not being cumulative, but the corporate surety bond being substi-
tuted for the individual surety bond to the knowledge of the successor
corporate surety.

APPEAL by the National Surety Corporation from *Barnhill, J.,* at
October Term, 1935, of SAMPSON. Affirmed.

This is an action brought by plaintiffs to recover from defendants
Mordecai Vann, guardian of William Charles Beaman, and his surety,
the National Surety Corporation, for certain amounts alleged to be due
them. The matter was referred to Hon. Charles G. Rose, referee, who
heard the evidence, found the facts, and on the facts made conclusions
of law. The matter came on for hearing before Barnhill, J., who found
certain supplemental facts. The material facts necessary to be consid-
ered are:

The referee found the following facts:

"On 22 January, 1931, Mordecai Vann applied to the clerk of the
Superior Court of Sampson County, North Carolina, for appointment
as guardian of William Charles Beaman, minor son of Llewellyn Bea-

man, . . . and the value of the estate of the minor was stated to be about five thousand ($5,000) dollars. . ·. . The guardian, Mordecai Vann, as principal, and his sister, Fannie E. Vann, as surety, on 22 January, 1931, signed the usual form of guardian bond in the penal sum of five thousand ($5,000) dollars (duly justified).

"At the time the application for letters of guardianship was made, the guardian and Fannie E. Vann (who was local agent of the National Surety .Company), requested that the letters be issued pending the return from New York of a corporate bond to be signed by that company as surety. John B. Williams, the then clerk of the Superior Court of said county, declined to issue the letters until the bond of the guardian was actually signed and filed in his office. Thereupon, the bond was signed, and, at that time, the guardian and Fannie E. Vann understood that, when the corporate bond was filed, Fannie E. Vann would be released as surety on the bond which she signed.

"On 28 January, 1931, a corporate bond as guardian of Charles Beaman in the penal sum of five thousand ($5,000) dollars, signed by the National Surety Company of New York, as surety, . . . was filed with and accepted by the clerk of said court. . . . On said date Annie Ferrell, assistant clerk of said court, made the following entry on the margin of the record: 'A surety bond having been this day filed by M. Vann, as Gdn. for Chas. Beaman, Fannie E. Vann is hereby released from said bond. This 28 January, 1931. (s) Annie Ferrell, Ass't. CSC.'

"Subsequent to 28 January, 1931, and prior to 1 May, 1933, the National Surety Company, the surety on the guardian's bond, was declared insolvent, and on or about 1 June, 1933, the defendant National Surety Corporation, through Fannie E. Vann, as agent of the corporation, filed with the clerk of the Superior Court an 'Assumption of liability certificate,' which document, together with what purports to be the letter of transmittal signed by Harry N. Levy, manager, was attached to the page in the Guardian Book No. 5, containing the original bond. . . . Reference is made to the original record for the exact terms of the 'Assumption of liability certificate.'

"After the guardian bond was signed by Fannie E. Vann, . . . Harry N. Levy, agent and attorney in fact of the National Surety Company, and now manager of the National Surety Corporation, had knowledge and notice that Fannie E. Vann, local agent of the surety company, had individually signed the guardian bond as surety until the guardian bond signed by the National Surety Company was returned properly executed.

"When the 'Assumption of liability certificate' was signed by the National Surety Corporation, the said corporation, through its local

agent and Harry N. Levy, manager, had knowledge and notice that the clerk of the Superior Court had made the entry on the margin of the record as set out in Finding Number Four, purporting to relieve Fannie E. Vann as surety from further liability on the bond executed by her and dated 28 January, 1931.

"The National Surety Corporation, having voluntarily become surety on the guardian bond,  .  .  .   had notice of the facts appearing on the records in the office of the clerk of the Superior Court of Sampson County, and which would have been disclosed upon proper examination of the same."

Supplemental findings by the court below: "That the guardian did not receive any amount prior to the entry upon the guardianship records in the clerk's office undertaking to cancel the bond signed by Fannie E. Vann and all receipts were subsequent to the date of the filing of the bond by the National Surety Company, the first receipt being on 10 March, 1931.  .  .  .   The bond signed by Fannie E. Vann was signed for the temporary purpose, as found by the referee, and the bond of the National Surety Company when filed was not cumulative, but in substitution of the Fannie E. Vann bond, and she was thereupon discharged from further liability."

In the judgment is the following: "From the findings of facts by the referee, as modified and supplemented by the foregoing findings by the court and conclusions of law, the court is of the opinion that the plaintiff is entitled to recover judgment according to the above findings of facts and conclusions of law.  It is thereupon considered, ordered, and adjudged that the plaintiff State of North Carolina, on behalf of William Charles Beaman and William Charles Beaman, individually, do recover for the use of William Charles Beaman from the defendants Mordecai Vann, guardian, the National Surety Corporation, on account of and for the full amount of said assumption certificate, to wit: The sum of $5,000, to be discharged upon the payment into court of the sum of $3,252.43, with interest thereon from 3 January, 1934, at six per cent per annum, together with the costs of this action to be taxed by the clerk."

The National Surety Corporation excepted and assigned error as follows:

"(1) For that his Honor held that the bond signed by Fannie E. Vann was signed for a temporary purpose, and that the bond of the National Surety Company, when filed, was not cumulative, but in substitution of the Fannie E. Vann bond, and she was thereupon discharged from further liability, and this error constitutes the defendant's First Exception.

"(2) For that the court held the National Surety Corporation liable for the payment of the sum of thirty-two hundred fifty-two and 43/100

($3,252.43) dollars, with interest from 3 January, 1934, and did not hold that Fannie E. Vann was jointly liable with it for said amount. This is the Second Exception."

*Varser, McIntyre & Henry for Fannie E. Vann.*

*Graham & Grady and Shepherd & Shepherd for National Surety Corporation.*

CLARKSON, J. For the determination of this controversy, we think that the only question involved on this appeal is whether Fannie E. Vann is jointly liable with the National Surety Corporation and contribution arises in this case between said corporation and Fannie E. Vann. We think not, under the facts and circumstances of this case.

The National Surety Corporation cites the cases of *Jones v. Hays,* 38 N. C., 502; *Comrs. of Brunswick v. Inman,* 203 N. C., 542; and *Thornton v. Barbour,* 204 N. C., 583. We think those cases have no application to the facts in the present action.

In *Roebuck v. Carson,* 196 N. C., 672 (674), citing authorities, it is said: "Parol evidence is admissible to show that the contract was delivered upon condition precedent, or that the obligation was not to be assumed at all except upon certain contingencies." *Insurance Co. v. Morehead,* 209 N. C., 174. For a decision of this controversy we do not base our opinion on these authorities, as the bond was an official one.

On the facts in this case, the plaintiffs are not contending that Fannie E. Vann is liable on the purported bond signed by her, but this is a controversy between the National Surety Corporation and Fannie E. Vann. The National Surety Corporation claiming from Fannie E. Vann contribution—one-half of what it has to pay for the default of the guardian.

The facts are to the effect that Fannie E. Vann was the local agent of the National Surety Company, and signed the guardian bond for $5,000, conditionally, on 22 January, 1931. On 28 January, 1931, the National Surety Company filed a $5,000 bond as surety for the guardian, with the knowledge that "Fannie E. Vann is hereby released from said bond—this 28 January, 1931." It received the premium on the $5,000 bond and became liable for the amount on default of the guardian, and does not on this appeal deny its liability. The guardian did not receive any funds until 10 March, 1931—long after the record discloses Fannie E. Vann was relieved from the bond, with the understanding when the corporate bond was filed. Thereafter, when the National Surety Company became insolvent and was taken over by the National Surety Corporation, and assumed the liability of the National Surety Company on the bond, all these facts were known to it: That Fannie E. Vann

5—210

had signed the bond temporarily and on condition, and the release as to her on the bond and the substitution of the National Surety Company. It goes without saying that no court of equity would allow a recovery by the surety corporation against Fannie E. Vann, under the facts here disclosed—it would be inequitable and unconscionable. The National Surety Corporation, successor to the National Surety Company, alone received the premium for its liability and alone is answerable for the default of the guardian, in accordance with its contract.

For the reasons given, the judgment of the court below is

Affirmed.