## SUBURBAN REAL ESTATE CO v SILVERTON (Village)

Ohio Appeals, 1st Dist, Hamilton Co

No 3254. Decided Jan. 28, 1929

Eltzroth, Maple & Maple, Lebanon, for Real Estate Co.

Hunt, Bennet & Utter, Cincinnati, for Village.

HAMILTON, PJ.

The plaintiff in error, The Suburban Real Estate Company claims its right to recover, from the defendant, compensation for the water mains, pipes, etc., first, under favor of **sections 3966, 3967, 3968,** and **3969** of **the General Code of Ohio**; and, second, for the reason that the defendant in error, the Village of Silverton, has appropriated for its own use the water mains, etc. in question, and, that, by reason of such appropriation, the Village should be required to make restitution or compensation.

The sections of the Code in question provide for the extension of water mains by municipal corporations outside the corporate limits, on the written request of citizens living outside the corporate limits, and provide the terms under which water shall be furnished to such citizens.

These sections are in pari materia and must be construed with reference to each other. The plaintiff is not within the provisions of these sections.

Section 3969 does provide:

" x x x x x in case of annexation to the corporation of such territory, the corporation shall pay to such person or persons a just compensation therefor and shall thereupon become the owner of them."

But this only applies to the extension of mains under preceding sections 3966, 3967, and 3968. In the instant case, the Village had nothing to do with the installing of the mains and pipes in the subdivision. Its first connection with the case was the sale of the water to the plaintiff company through a meter. It is not a case of municipal extension of water mains outside corporate limits.

We are, therefore, of the opinion that the sections do not give a statutory right of recovery of compensation for the water mains in question.

This leaves but the proposition of the right to compensation by reason of the appropriation of the water mains by the Village.

At the outset it may be well to state that the only connecting acts on the part of the Village were the annexation of the territory on the application of the Suburban Real Estate Company and the furnishing of water through the mains, which mains, by reason of the annexation, became located in the streets of the municipality. There was no special legislation, arrangement, contract, or reservation with reference to these water pipes and mains.

It is true the Village continued to furnish water to the inhabitants of the subdivision, now a part of the municipality, through the mains that had been laid by the Real Estate Company. This use would not necessarily mean appropriation or conversion of the mains and pipes.

Several cases are cited by counsel none of which are decisive of this case. We have before us, however, the case of **The Ford Realty & Construction Co. v. City of Cleveland,** decision by the Court of Appeals, reported in **164 N. E. Reporter, page 62; (30 Oh Ap 1; 6 Abs 496).**

Moreover, the Village of Silverton could not contract for the purchase of such property, or construct such an improvement without specific legislation therefor. The Village could only act through Council, and Council has only such powers as are conferred by statute and can only proceed under statutory authority.

Annexation, upon application, is not legislation providing for the purchase or construction of an improvement. In the absence of statutory authority, no relief can be had against the Village, on the ground of conversion.

Section 3966, et seq, not furnishing relief, as stated elsewhere in this opinion, there is no statutory relief afforded, and the judgment of the court of common pleas will be affirmed.

Cushing and Ross, JJ, concur.