ABBOTT REALTY COMPANY v. CITY OF CHARLOTTE.

(Filed 9 April, 1930.)

**1. Municipal Corporations F a—Contract with city not made in conformity with statutory provisions is void.**

The statutes prescribing the manner and form of making a contract by a city must be strictly complied with, and where the governing body is composed of several commissioners and the statutes prescribe that contracts with the city over a certain sum should be made by the governing body after advertising for bids, and that the contract be executed in writing and drawn or passed upon by the city attorney, a parol contract made with the commissioner of public works providing for the reimbursement of a realty company of the amount to be spent by it on a sewerage system is not binding on the city, and the realty company may not recover from the city in its action thereon. C. S., 2805, 2830, 2831, 2881.

**2. Municipal Corporations F c—City is not bound by ratification by governing body of contract not made in conformity with statutes.**

A municipal corporation is not bound by the action of its governing body in ratifying a contract which the governing body could not have made in the first instance or which was made without compliance with statutory provisions which are mandatory with respect to the manner of making such contracts, and where a contract for the repayment to a realty company of the amount to be expended by it in constructing a sewerage system was not made in compliance with the statutes, the action of the city governing body in making a part payment of the amount so expended by the realty company is not binding on the city as a ratification of the contract.

**3. Municipal Corporations F d—In this case held: plaintiff could recover from city upon quantum meruit for sewerage system.**

Where one of the commissioners of a city has made a parol agreement to repay a realty company the money it should expend in constructing a sewerage system within the corporate limits, and afterwards the city has incorporated the system so constructed into its general municipal sewerage system and collected a sewer tax from owners of lots using such system, although the original agreement is void for failure to conform to the mandatory statutory provisions in regard to the making of contracts by a city, the realty company may recover from the city upon a *quantum meruit* the reasonable and just value of the sewerage system thus taken over by the city.

APPEAL by plaintiff from *Sink, Special Judge,* at September Special Term, 1929, of MECKLENBURG. Reversed.

On 1 January, 1926, plaintiff was the owner of certain lots of land situate within the corporate limits of the city of Charlotte. These lots fronted on certain streets of said city, and were suitable for residential and business purposes. They had been developed by plaintiff for sale

for such purposes. No sewers had been constructed along and under the streets on which said lots fronted. The municipal sewerage system of defendant had not been extended to said streets. Plaintiff desired, before offering said lots for sale, that they should be connected with defendant's sewerage system.

During the winter of 1926, for the purpose of enhancing the value of said lots, and of securing purchasers for the same in the near future, plaintiff caused sewers to be constructed along and under the streets on which its lots fronted. These sewers were connected with the municipal sewerage system of the defendant. The cost of the construction of said sewers, to wit, the sum of $16,737.62, was paid by plaintiff. On 20 March, 1926, the defendant paid to plaintiff, at its request, and on account of the construction of said sewers, the sum of $3,001.86. Defendant has refused to pay the balance of the cost of said sewers. This action is to recover of defendant the said balance, to wit, the sum of $13,735.76.

Plaintiff alleges in its complaint that it caused the said sewers to be constructed and paid the cost of the same, pursuant to a contract with the defendant, by which defendant agreed that if plaintiff would pay for the construction of said sewers, defendant would thereafter reimburse plaintiff the total amount paid by plaintiff as the cost of said sewers; this allegation is denied by defendant.

Plaintiff further alleges in its complaint that the reasonable cost of said sewers was $16,737.62, and that plaintiff paid this sum for the construction of same; that defendant, at the request of plaintiff, has paid to plaintiff, on account of the cost of said sewers the sum of $3,001.86, leaving a balance of $13,735.76; and that since the completion of said sewers defendant has taken possession of and incorporated said sewers into its municipal sewerage system; this allegation is denied by defendant.

Plaintiff demands judgment that it recover of defendant the sum of $13,735.76 with interest, either on the contract alleged in the complaint, or on a *quantum meruit.*

The evidence offered by plaintiff at the trial of this action tended to show that in 1925, and for many years prior thereto, plaintiff was the owner of the lots described in the complaint; that these lots were situate within the corporate limits of the city of Charlotte, and fronted on certain streets of the said city; that they were suitable for residential and business purposes, and were developed by plaintiff for sale for such purposes; and that defendant had not extended its municipal sewerage system to the streets on which said lots fronted. Some time during the year 1925, the president of the plaintiff company had a conversation with the commissioner of public works of the defendant city, in which he advised the said commissioner of public works that plaintiff wished to have sewers constructed along and under the streets on which its lots

fronted and to have said sewers, when constructed, connected with defendant's municipal sewerage system. The said commissioner of public works advised the president of plaintiff company that the city of Charlotte had no funds on hand at that time available for the payment of the cost of the construction of said sewers. Thereupon, the said president proposed that the plaintiff would cause said sewers to be constructed, and would pay the cost of such construction, if the city of Charlotte would agree to reimburse the plaintiff such sum as plaintiff should expend for the construction of said sewers, as soon as said city should have in hand funds available for that purpose. The said commissioner of public works accepted this proposition, and authorized plaintiff to have the sewers constructed.

Relying upon the agreement between its president and the commissioner of public works of defendant city, plaintiff caused said sewers to be constructed and paid the cost of the same, to wit, the sum of $16,737.62. On 20 March, 1926, defendant paid to plaintiff, on account of the cost of the construction of said sewers, the sum of $3,001.86. This payment was made by a voucher signed and approved by the mayor and commissioner of administration and finance of the defendant city, by its commissioner of public works and by its commissioner of public safety. Defendant has refused to pay the balance of the amount expended by plaintiff in payment of the cost of the construction of said sewers, contending that it is not liable for and therefore has no lawful authority to pay the same.

There was also evidence tending to show that the reasonable cost of the construction of said sewers was $16,737.62; that plaintiff has paid the said sum to the contractors who constructed said sewers; and that since the completion of said sewers, defendant has taken over and incorporated said sewers into its municipal sewerage system. Owners of lots fronting on the streets along and under which the said sewers were constructed have connected with them as required by ordinances of the city of Charlotte, and defendant has charged said owners and collected from them the sewer tax for such connections. All the evidence tended to show that since the completion of said sewers, they have been taken over by the defendant, and have since been used by it as part of its municipal sewerage system. There was no evidence tending to show that plaintiff by its deeds conveying lots to purchasers conveyed or undertook to convey to said purchasers any easement with respect to the sewers which were constructed and paid for by plaintiff, and subsequently taken over and used by the defendant.

At the close of the evidence for plaintiff, on motion of defendant, there was judgment dismissing the action as of nonsuit. From this judgment plaintiff appealed to the Supreme Court.

*Tillett, Tillett & Kennedy for plaintiff.*
*C. A. Cochran and Stancill & Davis for defendant.*

CONNOR, J. The evidence offered by plaintiff at the trial of this action fails to show liability on the part of defendant to plaintiff by reason of a valid contract binding on the defendant, for the amount expended by plaintiff in payment of the cost of the construction of sewers along and under streets of the defendant city.

The defendant is a municipal corporation, organized under the laws of this State. Its governing body has the power, expressly conferred by statute, to make contracts for the acquisition by purchase or otherwise, and for the construction of sewers. C. S., 2805. The governing body of defendant is its board of commissioners. This board is composed of three commissioners: (1) the commissioner of public works, (2) the commissioner of public safety, and (3) the mayor and commissioner of administration and finance. C. S., 2874, and C. S., 2875. It is expressly provided by statute that this board "shall make or authorize the making of all contracts, and no contracts shall bind or be obligatory upon the city unless either made by ordinance or resolution adopted by the board of commissioners, or reduced to writing and approved by the board, or expressly authorized by ordinance or resolution adopted by the board. All contracts and all ordinances and resolutions making contracts shall be drawn by the city attorney or submitted to such officer before the same are made or passed." C. S., 2881.

There was no evidence tending to show that the board of commissioners of the defendant city made or expressly authorized its commissioner of public safety to make a contract with the plaintiff relative to the construction of sewers, as alleged in the complaint. In the absence of such evidence, defendant cannot be held liable to plaintiff in this action upon such contract.

The power conferred by statute upon the board of commissioners of defendant city, as its governing body, to make or to authorize the making of contracts binding upon the city, must be exercised by said board in strict conformity to statutory provisions. It is provided by statute that no contract for construction work, the estimated cost of which amounts to or exceeds one thousand dollars, shall be awarded by a municipal corporation unless proposals for the same shall have been invited by advertisement once in at least one newspaper of general circulation in the city, and that all such proposals shall be opened in public. C. S., 2830. It is also provided by statute that all contracts made by any department, board, or commission of a municipal corporation in which the amount involved is two hundred dollars or more, shall be in writing, and no such contract shall be deemed to have been made or

executed until signed by the officer authorized by law to sign such contract. C. S., 2831.

There was evidence tending to show that the board of commissioners of defendant city by the payment to plaintiff of the sum of $3,001.86, ratified the agreement made with plaintiff by the commissioner of public works of defendant city. However, a municipal corporation is not bound by the action of its governing body in ratifying a contract which such body had no power to make in the first instance, or which was made without compliance with statutory provisions which are mandatory with respect to the manner in which such contract may be made. If the law were otherwise, such statutory provisions would be nugatory.

We must, therefore, hold that upon all the evidence offered at the trial of this action, defendant is not liable to plaintiff for the amount which plaintiff paid for the cost of the construction of the sewers.

It does not follow, however, that plaintiff is not entitled to recover in this action. There was evidence tending to show that after the sewers were constructed and paid for by the plaintiff, defendant took them over and incorporated them into its municipal sewerage system. This evidence should have been submitted to the jury upon an appropriate issue involving plaintiff's contention that defendant is liable to it upon a *quantum meruit*. Notwithstanding the failure of plaintiff to sustain its contention that defendant is liable to it on the contract alleged in the complaint, the defendant should be and is liable for the reasonable and just value of the sewers, if the jury shall find that after their construction, defendant took them over and incorporated them into its municipal sewerage system. *McPhail v. Commissioners*, 119 N. C., 330, 25 S. E., 958.

There was error in the judgment dismissing the action as of nonsuit. The judgment must be

Reversed.