STEPHENS COMPANY v. CITY OF CHARLOTTE.

(Filed 2 July, 1931.)

1. **Municipal Corporations J b—Charter provision requiring notice does not apply to taking of property for public use.**

Where a complaint alleges that the defendant city took and appropriated a water system constructed by the plaintiff on his own lands in a development later taken into the city, and that by reason of such taking the city became indebted to the plaintiff in the amount of the value of the water system upon an implied promise to pay: *Held,* a provision in the city charter that no action against it should be maintained, unless notice of injury to person or property should have been given it within six months of the date of such injury, does not apply to an action for compensation for the taking of private property for public use. The distinction between an action sounding in tort is pointed out.

**2. Eminent Domain C a—Owner is entitled to compensation for appropriation of water system by city.**

Where the owner of a development has constructed a water system therein and deeded the lands in the development to others, upon an appropriation of the water system by a city extending its limits to include the development, the city may not maintain that the owner had no interest in the water system or nothing of value for which compensation should be paid upon such appropriation. *Realty Co. v. Charlotte*, 198 N. C., 564.

STACY, C. J., dissents.

CIVIL ACTION, before *Harding, J.*, at December Special Term, 1930, of MECKLENBURG.

Plaintiff alleged that many years ago he purchased a tract of land near the city of Charlotte known as Myers Park, and during the course of years developed said property into a high-class residential suburb, "opening and paving streets, laying water and sewer mains and pipes and selling lots." That prior to November, 1916, the defendant permitted the plaintiff to make physical connection between the water mains of the city of Charlotte and the water mains and water system constructed by plaintiff in Myers Park. Plaintiff further alleged that during the course of years the water system installed, constructed and paid for by it was reasonably worth $27,114.21, and that on 1 January, 1928, the corporate limits of the city of Charlotte were extended so as to take in nearly all of Myers Park, including the water mains and water system so installed by the plaintiff. Plaintiff further alleged that when the corporate limits were extended to include Myers Park that the defendant city of Charlotte thereupon took charge of, assumed control of, and appropriated said water system to the sole and exclusive use of said city, and, therefore, brought a suit against the city for the sum of $27,114.21.

The defendant filed an answer alleging as a defense that chapter 342, Private Laws of 1907, and the amendments thereto constituted the charter for the city of Charlotte, and that said charter contained the following provision: "No action for damages against said city of any character whatever, to either person or property, shall be instituted against said city unless within six months after happening or infliction of the injury complained of, the complainant, his executors or administrators, shall have given notice to the board of aldermen of said city of such injury in writing, stating in such notice the date and place of happening or infliction of such injury, the manner of such infliction, the character of the injury, and the amount of damages claimed therefor, but this shall not prevent any time of limitation prescribed by law from commencing to run at the date of happening or infliction of such injury or in any manner interfere with its running."

Defendant further alleged that the plaintiff did not file notice of claim with the defendant until 31 October, 1929, and that as plaintiff's cause of action arose on 1 January, 1928, when the city took over and appropriated to its own use plaintiff's property, the plaintiff was barred of recovery by reason of failure to file notice of claim in accordance with the charter provisions. The defendant further contended that the plaintiff had no property in said water system for the reason that such property right as it had had passed out of the plaintiff by virtue of the many deeds which the plaintiff had executed and delivered to various purchasers of lots in said subdivision.

The following issues were submitted to the jury:

1. "Did the defendant wrongfully take and appropriate the water lines, as alleged in the complaint, to its own use on or after 1 January, 1928?"

2. "If so, was the plaintiff the owner of the said water lines in controversy at the time of the appropriation?"

3. "Did the plaintiff, prior to 1 January, 1928, by deeds conveying lots abutting the water mains in controversy, convey to the grantees therein any easements with respect to the water mains in controversy?"

4. "Is the plaintiff's cause of action barred by the six months statute in the charter of the city of Charlotte?"

5. "Is the plaintiff's cause of action barred by the two-year statute of limitations?"

6. "Is the plaintiff's cause of action barred by the three-year statute of limitations?"

7. "In what amount, if any, is the defendant indebted to the plaintiff?"

The jury answered the first issue "Yes"; the second issue "Yes"; the third issue "No"; the fourth issue "No"; the sixth issue "No"; the seventh issue "$15,000 without interest," and the fifth issue was not answered.

From judgment upon the verdict the defendant appealed.

*Whitlock, Dockery & Shaw for plaintiff.*
*C. A. Cochran, F. A. McClenaghan, and Stancill & Davis for defendant.*

Brogden, J. Does a provision of the charter of the city of Charlotte, requiring notice, apply to an action for compensation for the taking of private property for public use?

The plaintiff was permitted to amend the complaint by alleging "and that, by such taking and using, the defendant by virtue of an implied promise and agreement on its part to pay the plaintiff for said water mains, became indebted to the plaintiff in the amount of the value

thereof." By virtue of such amendment the plaintiff contends that the suit is based upon contract, and hence the charter provision does not apply because such provision is limited to actions for damages growing out of a tort.

The general subject of notice is discussed in McIntosh North Carolina Practice and Procedure in sections 187 and 389. See *Pender v. Salisbury,* 160 N. C., 363, 76 S. E., 228; *Dayton v. City of Asheville,* 185 N. C., 12, 115 S. E., 827, 30 A. L. R., 1186; *Graham v. City of Charlotte,* 186 N. C., 649, 120 S. E., 466; *Peacock v. City of Greensboro,* 196 N. C., 412, 146 S. E., 3. See, also, *Kirby v. Commissioners,* 198 N. C., 440, 152 S. E., 165.

The defendant contends that the *Dayton* case is determinative, but it must be observed that the *Dayton* case did not involve the physical taking of property. The injury to plaintiff's property in that case arose from negligent construction or operation of the incinerator, resulting in the emission of smoke, grease, ashes and noxious odors. That is to say, the injury arose from negligence, and hence in the ultimate analysis, the cause of action sounded in tort. From a careful perusal of all the cases bearing upon the subject, the Court is of the opinion that the statutory provision with respect to notice does not include a claim for compensation arising out of physical appropriation of private property for public use.

The second contention made by the defendant is that the plaintiff had nothing to sell to the city or nothing of value for which the city would be liable for the appropriation so made. This contention is determined adversely to the defendant by the decision of this Court in *Realty Co. v. Charlotte,* 198 N. C., 564.

There are many exceptions in the record, but the essential merits of the case are determined by the propositions of law hereinbefore referred to.

No error.

STACY, C. J., dissents.