# 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡

## CITY OF DANVILLE V. FOREST HILLS DEVELOPMENT CORPORATION.

November 14, 1935.

Present, Campbell, C. J., and Hudgins, Browning, Chinn and Eggleston, JJ.

The opinion states the case.

*A. M. Aiken* and *Jesse W. Benton,* for the plaintiff in error.

*Meade, Meade & Talbott,* for the defendant in error.

CHINN, J., delivered the opinion of the court.

Forest Hills Development Corporation, plaintiff in this action, in 1925 acquired a tract of land in Pittsylvania county, Virginia, contiguous to the corporate limits of the city of Danville, and proceeded to construct a modern and high class residential development. At its own expense, the corporation laid off and paved streets, sidewalks and gutters, and constructed thereunder water

mains, gas mains and sewer mains, and installed fire hydrants, electric lines and street lighting equipment. The quality of materials and the workmanship employed in said construction were approved by the city engineer and director of public works of Danville. A part of this property was divided into building lots, which were offered for sale and conveyed to purchasers in accordance with plats showing the subdivision, recorded in the clerk's office of the Circuit Court of Pittsylvania county. Maps covering the location of the development, showing in general a comprehensive plan for the future development and the laying out of its main proposed thoroughfares, were filed in the office of its city engineer. The water mains, gas mains, sewer mains, electric lines and equipment were connected with the municipal systems of the city of Danville, with its consent and approval. Those who purchased lots in the development were furnished water, gas and electricity by the city of Danville, which billed them direct and charged them at rates slightly higher than those prevailing within said city. The Forest Hills Development Corporation purchased from and paid the city for the electricity used for street lighting, and the water for its fire hydrants.

In November, 1932, the city of Danville, by proper action in the Circuit Court of Pittsylvania county, asked to be allowed to annex certain territory in the county, including the property owned by the plaintiff, which had become commonly known as "Forest Hills." The plaintiff filed its petition in the proceedings, objecting to the annexation of "Forest Hills," unless it was allowed adequate compensation for the improvements and utilities constructed by it in the said development. On November 18, 1932, an order was entered in the said proceedings allowing annexation of the said territory. In that same order the court held that the Forest Hills Development Corporation had no right to assert in the annexation proceedings a claim to compensation for said improvements, and dismissed said claim without prejudice. The plaintiff's peti-

tion for a writ of error to this order of the annexation court was denied by this court.

This action was thereupon instituted by the plaintiff in the Circuit Court of the city of Danville to recover compensation for the improvements which it had constructed in said territory prior to the annexation proceedings referred to. The city plead the general issue denying any liability for plaintiff's claim, and also filed special pleas. A jury was impanelled to try the questions at issue, which rendered a verdict in favor of the city. Upon motion of the plaintiff the trial court set aside the verdict, and entered final judgment for the plaintiff below in the sum of $49,810.55, with interest from January 1, 1933, and costs. To that judgment the city of Danville obtained this writ of error.

Several errors are assigned in the petition, but in the view we take of the case it is only necessary to consider the defendant's exception to the action of the court in setting aside the verdict of the jury, and entering judgment for the plaintiff as above stated.

The plaintiff makes no claim for the sidewalks and other street improvements, but bases its right of recovery upon the ground that, as a result of the annexation proceedings, the city of Danville appropriated the water mains, gas mains, and sewer mains, fire hydrants, and lighting equipment of the plaintiff to its own use, without compensation, and is, therefore, liable to the plaintiff for the fair value of said properties.

We do not think the contention is sound. When the Forest Hills Development Corporation constructed the improvements on the property in question, it was done in order to make the lots in the development salable. It had merely pursued the usual course in developing real estate property contiguous to a city for speculative purposes by laying off streets, sidewalks, etc., on the ground, and installing water, gas, and sewer mains under the ground, to provide such facilities as an inducement to the purchase of its lots. These facilities would have been

useless and there would have been no purchasers, unless the corporation had induced the city to consent to their being connected with the city systems, as was done. The corporation did not, and could not have expected to, derive any revenue for the gas, water and electricity furnished to its purchasers by the city, and, in consequence, when the annexation took place it lost nothing whatever by the fact that the city continued to furnish gas, water and electricity to the residents of the annexed territory. On the other hand the corporation was relieved of the cost of the future maintenance of the facilities mentioned, which burden fell upon the city when the territory was placed by the annexation within its corporate limits. The corporation was also relieved of the expense of lighting its streets and the water supply for its hydrants, which it had to pay the city before the annexation. In other words, it seems to us that the plaintiff below had everything to gain and nothing to lose in consequence of the city having assumed control of these facilities, and, therefore, suffered no damage thereby. The Development Corporation had sold at the time of the annexation a large number of high-priced lots in the subdivision which were served by these facilities, in the sale price of which the enhancement in value representing the cost of the improvements had doubtless been included. We are, therefore, unable to see any reason for permitting the corporation to hold the city for the cost of these improvements under the circumstances.

It is argued by the plaintiff that since section 5222k of the Code, passed in 1924, permitting proprietors or owners of subdivisions which have been annexed by cities of more than 100,000 inhabitants, under certain circumstances, to recover from the city the fair value of certain improvements constructed by the owners or proprietors of such subdivisions, the legislature recognizes the right of such owners and proprietors to require cities of less than 100,000 inhabitants to pay for such improvements. Code, section 5222t passed in 1928, relating to subdivisions

which have been annexed by cities of less than 100,000 inhabitants, which is otherwise practically similar in terms to section 5222k, expressly omits, however, the provisions requiring the city to pay the owner or proprietor of such subdivision compensation for the improvements made thereon.

It would, therefore, appear to be the legislative policy in this State to prohibit recovery for any improvements made by the owners or proprietors of any subdivision subsequently annexed by a city with less than 100,000 inhabitants; and when the improvements, if any made, are approved by the city, they may not now be removed by such owner or proprietor without the consent of the city, by virtue of section 5222r of the Code. It, moreover, seems plain that when the water mains, pipes, etc., were constructed by the plaintiff as an inducement to the purchase of its lots, the plaintiff thereby dedicated said mains and pipes to the use of the lot owners, and has no right to claim adverse ownership in or remove same without such lot owners' consent.

It is asserted by counsel on both sides that after diligent search they have been able to find only four adjudged cases which have any bearing on the question here involved.

Counsel for plaintiff rely upon the case of *Stephens Company* v. *City of Charlotte,* 201 N.C.258, 159 S.E.414. In that case the plaintiff had developed a tract of land adjacent to the city of Charlotte into a residential suburb, opening and paving streets, laying water and sewer mains and pipes, and selling lots. The city permitted the plaintiff to connect his water and sewer mains with the city system. Subsequently the city extended its corporate limits to include plaintiff's real estate development, and the plaintiff sued the city to recover the worth of the improvements upon the ground that the city had wrongfully assumed control of and appropriated said water system to its own use. This question the trial court held to be one of fact to be submitted to the jury, and upon the trial the

jury found a verdict for the plaintiff, which was sustained by the appellate court.

If we take that case as authority, it would seem that the question here involved is purely one for the jury and not for the court, and the trial court was, therefore, in error in setting the verdict aside. The decision in *Stephens Company* v. *City of Charlottee* seems to be based entirely upon the case of *Abbott Realty Co.* v. *City of Charlotte,* 198 N. C. 564, 152 S. E. 686. As we understand the latter case, however, it does not involve annexation, and the facts of that case bear little or no similarity to those of either the *Stephens Company Case* or the case at bar.

The other two cases referred to by the counsel are *Ford Realty & Construction Co.* v. *City of Cleveland,* 30 Ohio App. 1, 164 N. E. 62, and *Suburban Real Estate Co.* v. *Incorporated Village of Silverton,* 31 Ohio App. 452, 167 N. E. 474, 476.

Both of the above decisions sustain the defendant's position in the instant case, but the last named case is, we think, particularly applicable. In that case the Suburban Real Estate Co. sued the incorporated village of Silverton to recover compensation for certain water mains, pipes, hydrants, connections and service pipes installed by it on a subdivision adjacent to the village of Silverton, which subdivision was, subsequent to the installation of the said water mains, pipes, etc., annexed to and made a part of the incorporated village of Silverton.

It was held that there was no existing statutory right of recovery of compensation for the water mains in question and cited the *Ford Realty & Construction Company Case* to the following effect:

"In so far as we learn from the record, the water pipes that were laid by the Ford Realty & Construction Company were for the purpose of enhancing the value of their own allotment, and, undoubtedly, the enhanced value of the lots was charged against the property owners who purchased lots in this allotment, who probably would not

have purchased them but for the installation of the water." The court further said:

"Let us suppose that before annexation, all of the lots in the subdivision had been sold to purchasers, none of whom would have purchased but for the installation of the water supply, and the purchasers had erected residences complete throughout the subdivision, could the Suburban Real Estate Company sell and transfer the mains and pipes, etc., thus depriving the purchasers of lots of the benefit of water? We are of the opinion that, having sold the lots on the representation of furnishing water, and a means having been provided therefor, the Real Estate Company would not be heard to claim ownership in the water mains, with right to remove the same."

██ For the foregoing reasons, we are of the opinion that the plaintiff has no such right of property in the improvements involved as entitles it to recover of the city of Danville the value of said improvements or damages for their use, under the circumstances of this case, and the city is not liable therefor.

The judgment of the trial court is, therefore, reversed and judgment entered here for the city of Danville in accordance with the verdict of the jury.

*Reversed.*