Civil action for breach of contract.
Plaintiff alleges that in 1926 he was engaged by the town of Hillsboro to design and supervise the construction of a proposed municipal waterworks and sewerage system, his compensation to be 6% of the cost; $300 to be due and payable upon completion of preliminary surveys, and balance as the work progressed. Plaintiff further alleges that he was paid the first item of $300, and nothing more; that other engineers have been engaged to complete the work for which he was employed, and that the estimated balance due under his contract is $7,688.48. *Page 836 
Defendant denies that plaintiff holds any valid contract such as he alleges; admits that he was paid $300 for a preliminary survey in 1926, and avers that the project was then abandoned as too expensive.
Later, in 1935, under different circumstances and with the aid of the Public Works Administration, the defendant again proposed to install a municipal waterworks and sewerage system. Plaintiff was not awarded the engineering contract for this new project; whereupon he sues upon an alleged contract made with him in 1926.
The validity of plaintiff's contract being denied, an issue as to its due execution and existence was submitted to the jury and answered in favor of the defendant. From judgment thereon, plaintiff appeals, assigning errors.
Plaintiff seeks to recover upon the principle announced in White Co. v.Hickory, 195 N.C. 42, 141 S.E. 494. But as the jury has found that he holds no valid contract with the defendant, his action fails. Realty Co. v.Charlotte, 198 N.C. 564, 152 S.E. 686. This ends the matter, even though the issues submitted, over objection, may not meet with entire approval.
The result will not be disturbed.
No error.