14851

COMMERCIAL CREDIT CO. v. BELK

(1 S. E. (2d), 902)

*Messrs. Hicks & Johnston,* for appellant.

*Messrs. J. G. Leatherwood* and *W. Albert Bull,* for respondent,

March 28, 1939.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent purchased of Greenville Auto Sales Company an automobile, and secured the balance of the purchase price, to wit, $726.00, by a note and mortgage of the car, payable in twenty-four monthly installments of $32.25, commencing April 4, 1937. A second note and mortgage was given, and this in turn was followed by a third note and mortgage for $714.00, payable in twenty-one monthly installments of $34.00, beginning June 11, 1937. This paper provided for acceleration of payments in case of default in any monthly payment.

The mortgagee, Greenville Auto Sales Company, sold and transferred this last described note and mortgage to Commercial Credit Company.

Alleging that there was a default of the payment due September 11, 1937, appellant brought action for judgment on the note and mortgage, and to obtain possession of the car for the purpose of selling it and applying the proceeds on the judgment. Along with the complaint were signed claim and delivery papers, with bond to defendant in double the alleged value of the car, which was fixed at $612.00.

Defendant, by way of answer, set up want of considera-

tion, fraud in selling to respondent an old car, representing it to be a new one, and a general denial.

By consent of counsel, the car was sold at public outcry before the trial, and bought by appellant for $525.00. After the sale, and before the trial, appellant sold the car back to Greenville Auto Sales Company for the unpaid balance on the note and mortgage.

At the trial before Judge Plyler of the Greenville County Court, when the testimony for plaintiff was concluded, the defendant made a motion for nonsuit on the grounds that: The testimony shows that the Commercial Credit Company has no interest in the note and mortgage upon which the action is founded; second, on the ground that plaintiff has failed to show that it is the holder of the note and mortgage, sued upon, before maturity and for valuable consideration; third, that plaintiff has failed to show that the note and mortgage was in default when the action was instituted.

After argument, the Court granted the motion upon the first and third grounds.

From the order of nonsuit, plaintiff appeals upon the following grounds:

(1) His Honor should have held that the $525.00 for which the automobile was sold at public sale is now held by plaintiff under its claim and delivery bond in lieu of the automobile itself, therefore plaintiff is vitally interested in whether or not it is forced to return this money to respondent and become liable on its claim and delivery bond for damages for having withheld the automobile, or these funds, from respondent. Therefore, appellant is a real party in interest. (2) Error in holding that plaintiff had not shown by any competent evidence that there was any default in the chattel note and mortgage.

To the suggestion that appellant may have some interest in the final settlement of the question who is entitled to the money paid by appellant when it bought the car at public outcry, it is sufficient to say that that question was not presented to, nor was it passed upon

by, the trial Judge. The question presented by the pleadings is this: Is the plaintiff's allegation that it is the owner and holder of the note and mortgage sued on true?

In ·the face of plaintiff's testimony, that question is answered to the complete discomfiture of plaintiff. In folios 47-48 of the record we find the following: "The Court: Did I understand, Mr. Holcombe, that your company has been reimbursed in full by the Greenville Auto Sales Company? A. Yes, sir.

"Q. What interest do you have in these papers now? A. None, sir."

For the full understanding of the issue sought to be made by appellant, we copy from pages 17 and 18 of the transcript of record the following:

"Q. That note and mortgage, the third note and mortgage, has been paid in full, hasn't it? Dated May 11, 1937? That has been paid in full, every dime to your company, on the note and mortgage? You have received all your company is entitled to on that note and mortgage? A. Yes, sir. * * *

"Q. Not one dime is due your company today on that note and mortgage? A. That is right. * * *

"Q. When you say that paper was paid, it was paid in what manner? A. It was paid by resale of the automobile to Greenville Auto Sales Company.

"Q. That has to be taken into consideration in order to cancel it—that has to be brought into the calculations in order for you to receive your pay? A. Yes, sir. * * *

"Q. But they paid you cash and you turned the automobile over to them? A. I couldn't say cash.

"Q. And they paid not only what you bid it in for, but the balance due? A. The balance, less the *pro rata* refund.

"Q. The balance due on the note and mortgage? A. Yes, sir. * * *

"Q. Was that paid under the contract they had with you, or for the value of the car? A. Under the contract. * * *

"Q. The note and mortgage has never been assigned back to the Greenville Auto Sales? A. No, sir. * * *

"Q. This case was pending at that time? A. The note and mortgage had been in the possession of Hicks and Johnston since the beginning of the case, and a portion of the time prior to that."

The ingenious argument of the appellant is that the plaintiff was the owner and holder in due course of the note and mortgage sued on when the action was brought, and that its interest continues because the payments it had received were from the Greenville Auto Sales Company after the public sale of the automobile, in pursuance of an agreement between plaintiff and the Greenville Auto Sales Company that if plaintiff had to take in or buy a car covered by a mortgage bought by it from the Greenville Auto Sales Company, the latter would repurchase the car from the plaintiff. We are unable to accept this as proof that plaintiff still has an interest in the cause of action.

When the case came to trial the plaintiff, by its own admission, had been paid in full and no longer had any interest in the outcome of the action. It is fundamental that the action shall be brought in the name of the real party in interest. It is logic and common sense that if, after action brought, the plaintiff's right of action is abated by satisfaction, or payment, and has been lost, the action cannot proceed to judgment in its name.

It seems to us that the fallacy of appellant's argument lies in this: If it has to surrender the proceeds of the sale of the car under its claim and delivery bond, it has already been reimbursed by the money it has received from the Greenville Auto Sales Company.

Whether the defendant—the respondent—or another can claim the money paid by appellant when it purchased the car at public auction is a question not involved, or settled in this suit.

It is settled that appellant, having been paid by Greenville Auto Sales Company all the money that it had invested in the note and mortgage sued on in this action, is not entitled to judgment against the defendant.

The judgment of the Court below is affirmed.

Mr. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE M. M. MANN concur.

Mr. JUSTICE CARTER did not participate on account of illness.