## NEAL HAWKINS v. TOWN OF DALLAS.

(Filed 1 December, 1948.)

**1. Trial § 21: Appeal and Error § 7—**

Motion to nonsuit must be renewed at the close of all the evidence in order to present on appeal the question of the sufficiency of the evidence.

**2. Municipal Corporations §§ 16, 22—**

Where a party has performed work for a municipality under a contract involving more than $1,000.00 which was let without advertisement as required by G.S. 143-129, the contract is void and he may not recover thereon, but he is entitled to recover on the principle of *quantum meruit* the reasonable and just value for material and labor so furnished of which the town received the benefit.

APPEAL by defendant from *Rousseau, J.*, at March Civil Term, 1948, of GASTON.

Civil action to recover on contracts for paving of street and laying and constructing sewer lines.

Plaintiff alleges in his complaint substantially these facts:

1. That on or about 2 June, 1947, at request of an official of the town of Dallas he submitted written bids: (1) for installing a certain specified sewer line at cost plus ten per cent and manholes at given price; and (2) to furnish all materials and labor for the paving of certain streets adjacent to the old courthouse square for a specified sum of money, which bids were accepted by the defendant, with agreement that work should begin on 9 June, 1947, and to be paid for within ten days after its completion.

2. That plaintiff began work on 9 June, 1947, pursuant to the contract, and completed the jobs according to contract on 28 June, 1947, and thereupon rendered to defendant itemized invoices therefor in accordance with contract in the total amount of $8,323.32, claim for which plaintiff duly presented to the lawful municipal authorities to be audited and allowed; but that said authorities have disallowed the claim.

3. That the labor and materials necessary to the completion of the said contract were furnished and provided by plaintiff in good faith, and although plaintiff has often rendered statement to defendant, and made repeated demands for payment of the amount due, the defendant has failed and neglected to pay same or any part thereof; and that for all of it, $8,323.32, with interest from given date, defendant is justly indebted to plaintiff.

Defendant answering the complaint of plaintiff admits that a claim has been made by plaintiff upon defendant, and has been denied by defendant for that it is unlawful; but denies all other material allegations.

And by way of further answer and defense, defendant avers, in material and pertinent part, that if any agreement was entered into between plaintiff and anyone purporting to act for defendant (1) such agreement is illegal, null and void and is in nowise binding upon defendant for that (a) it was not entered into in compliance with the requirements of G.S. 143-129, but (b) without authority, either express or implied, to bind defendant, and (2) such agreement was entered into "unlawfully, wilfully and knowingly with the intent to evade the requirements of the law with regard to advertisements and public lettings of municipal contracts, and . . . in pursuance of an unlawful conspiracy to obtain, without advertisement or public letting, work for the plaintiff and to make and establish excessive prices therefor with the intent to defraud the Town of Dallas."

Plaintiff, in reply to the averments of defendant's further answer and defense, admits the agreement as set forth in the complaint, but denies all other material parts.

Upon the trial in Superior Court plaintiff offered evidence tending to support the allegations of his complaint, and to indicate that of the $8,323.32, for which claim is made by him, the sum of $6,778.32 represents actual cost to him, including amounts paid by him to subcontractors, —the difference being profit to him; and that the price charged is fair and reasonable. And it was stipulated by plaintiff, at close of his evidence, "that he had learned that there was not any advertisement for bids."

Defendant, reserving exception to the denial of its motion for judgment as of nonsuit when plaintiff first rests his case, offered evidence tending to show: That the present mayor, then clerk, of defendant Town of Dallas, knowing of the location of the pavement in question, talked with plaintiff before the road was laid and told him that he was the clerk, and that there was no money in the town treasury, the present board had not paid plaintiff because the work was not advertised, and thought it was illegal and was afraid the citizens of the town would hold them responsible; that while the town does not have the money, it is not the desire of the town to reap the benefits, and that if it is a legal charge, the present board wants to pay it.

The record fails to show that the motion for judgment as of nonsuit was renewed at close of all the evidence.

The case was submitted to the jury on this issue: "What amount, if any, is the plaintiff entitled to recover?" The jury answered the issue, "$6,778.32."

From judgment in favor of plaintiff on the verdict rendered, defendant appeals to Supreme Court and assigns error.

*L. B. Hollowell for plaintiff, appellee.*
*George B. Mason and James Mullen for defendant, appellant.*

WINBORNE, J. Appellant fails to show error in either of the two matters assigned as error on this appeal.

First, as to denial of motion for judgment as of nonsuit: Defendant, by offering evidence and failing to renew its motion for judgment as in case of nonsuit at the close of all the evidence, as provided in G.S. 1-183, waived its exception to the denial of such motion entered by it when plaintiff first rested his case. *Lee v. Penland*, 200 N. C. 340, 157 S. E. 31; *Rental Co. v. Justice*, 211 N. C. 54, 188 S. E. 609, and numerous other cases.

Second, as to a portion of the charge of the court to the jury: The court held, and charged, without exception, in substance that, though the contract here involved be illegal for that it was entered into without the town having advertised for proposals or bids, it would be manifestly unfair for the town to receive the benefit of the work and labor provided and the materials furnished in installing the sewer line and in paving the street, without paying plaintiff the reasonable and just value thereof. Immediately following is this portion of the charge, to which exception is taken.

"The Court, Gentlemen, is holding as a matter of law, and the Court so instructs you, that this contract was illegal and that the plaintiff cannot, in this action, receive a profit himself, under an illegal contract, but the Court charges you, gentlemen, the burden being on the plaintiff to so satisfy you, that the plaintiff is entitled to recover in this action the reasonable, just value of the material and labor so furnished which the town received the benefit of."

The statute, G.S. 143-129, in prescribing procedure for letting of public contracts, provides, among other things, that no construction requiring an estimated expenditure of public money in an amount of one thousand dollars or more, except in cases of certain emergencies, shall be performed, nor shall any contract be awarded therefor by a county, city, town or other subdivision of the State, unless the provisions of the section be complied with. Among other provisions, it is required that proposals for the construction shall be invited by advertisement in the manner and for the time specified.

This Court has held that a contract not made in conformity to the statutory requirements is void, and the contractor may not recover on the contract. *Realty Co. v. Charlotte,* 198 N. C. 564, 152 S. E. 686; see also *Jenkins v. Henderson,* 214 N. C. 249, 199 S. E. 31; *Raynor v. Commrs. of Louisburg,* 220 N. C. 348, 17 S. E. (2) 495.

Nevertheless, where the construction work has been actually done and accepted the Court holds that the county, city or town "is bound on a *quantum meruit* for the reasonable and just value of the work and labor done and material furnished." *McPhail v. Comrs.,* 119 N. C. 330, 25 S. E. 958; *Realty Co. v. Charlotte, supra; Stephens Co. v. Charlotte,* 201 N. C. 258, 159 S. E. 414; *Commrs. of Brunswick Co. v. Inman,* 203 N. C. 542, 166 S. E. 519. See also *Moore v. Lambeth,* 207 N. C. 23, 175 S. E. 714. Compare *Raynor v. Commrs. of Louisburg, supra.*

In the light of the principle of *quantum meruit* applied as stated above, there is no error in the portion of the charge to which the exception relates.

For reasons stated there is, in the judgment below,

No error.