236 F.2d 951
 John L. TRENTMAN, Harry C. Trentman, and Aubrey Milner, a co-partnership, Appellants,
v.
The CITY AND COUNTY OF DENVER, COLORADO, a municipal corporation; Board of Water Commissioners of the City and County of Denver, Colorado; George R. Morrison, August P. Gumlick, Nicholas R. Petry, Hudson Moore, Jr., and Robert S. Kohn, members of the Board of Water Commissioners of the City and County of Denver, Colorado; and Sam H. Schaefer, Appellees.
Sam H. SCHAEFER, Cross-Appellant,
v.
John L. TRENTMAN, Harry C. Trentman, and Aubrey Milner, a co-partnership, Cross-Appellees.
 No. 5208.
 No. 5209.
 United States Court of Appeals Tenth Circuit.
 August 27, 1956.
 
 Bernard E. Engler, Denver, Colo. (Barkley L. Clanahan, Denver, Colo., on the brief), for appellants and cross-appellees John L. Trentman, Harry C. Trentman, and Aubrey Milner.
 John C. Banks, Denver, Colo., for appellee and cross-appellee City and County of Denver.
 Willard S. Snyder, Denver, Colo. (Glenn G. Saunders, Denver, Colo., on the brief), for appellees and cross-appellees Board of Water Com'rs of City and County of Denver; George R. Morrison, August P. Gumlick, Nicholas R. Petry, Hudson Moore, Jr., and Robert S. Kohn, members of Board of Water Commissioners.
 Allen A. Schaefer, Denver, Colo. (Darwin D. Coit, Denver, Colo., on the brief), for appellee and cross-appellant Sam H. Schaefer.
 Before BRATTON, Chief Judge, PHILLIPS, Circuit Judge, and ROGERS, District Judge.
 BRATTON, Chief Judge.
 
 
 1
 The disputation in this action revolves around two water systems consisting of tanks, pumps, pipe, service lines, valves, fittings, meters, and other equipment, installed for the purpose of supplying water to the inhabitants of certain subdivisions adjacent to the City and County of Denver, Colorado. John L. Trentman, Harry C. Trentman, and Aubrey Milner, a co-partnership, instituted the action against the City and County of Denver, the Board of Water Commissioners of the city and county, and the members of the board. The amended complaint was in three counts. The first count charged the wrongful conversion of the Bel-Adams Water System. The second count charged like conversion of the Schaefer Water System. And the third count was for an accounting for sums received from consumers of water after the conversion charged in the first and second counts. By third-party complaint, Sam H. Schaefer was made a third-party defendant. The defendants and the third-party defendant denied liability and interposed affirmative pleas. And by counter-claim and cross-claim, the third party defendant sought affirmative relief. The court entered judgment determining among other things that the plaintiffs take nothing upon the amended complaint and that the third-party defendant take nothing on the counterclaim and cross-claim. Plaintiffs and the third-party defendant perfected separate appeals.
 
 
 2
 The judgment is attacked upon the ground that the court failed to make sufficient findings of fact. Rule of Civil Procedure 52(a), 28 U.S.C.A., provides in presently material part that the court shall find the facts specially and shall state separately its conclusions of law thereon; and that if an opinion or memorandum of decision is filed, it suffices if the findings of fact and conclusions of law appear therein. Under the clear command of the rule, it is the duty of the court to make adequate findings of fact and conclusions of law. This may be done by dictating into the record findings of fact and conclusions of law; by filing in the case written findings of fact and conclusions of law; or by including findings of fact and conclusions of law in the opinion or memorandum decision of the court. The rule does not require the making of elaborate findings of fact extending into minute and unnecessary detail in respect to every feature or phase of the case. The exaction of the rule is met in full measure if the findings of fact cover in clear, definite, and concise language the contested issue or issues in the case. Life Savers Corp. v. Curtiss Candy Co., 7 Cir., 182 F.2d 4. The court did not dictate into the record findings of fact and conclusions of law. Neither did it file formal written findings of fact and conclusions of law. But the court did file a written opinion which contained findings of fact and conclusions of law. And while the opinion may not have been as complete as might have been desired in respect to the making of findings of fact, we think it is wholly unnecessary to remand the case for the making of additional findings.
 
 
 3
 The court found among other things that prior to the time of the alleged conversion plaintiffs had more than received back the amount which they invested in the installation of the two water systems. The finding was in the form of a footnote to the opinion of the court, but it was in substance a finding of fact and must be considered as such. Plaintiffs were developers of subdivisions. Their business was that of subdividing tracts of land and selling the lots to the public for down payments in cash and periodic payments in cash thereafter until the purchase price was paid in full. They subdivided certain tracts of land adjacent to the City and County of Denver and sold lots for small down payments and small payments from time to time thereafter. And the two water systems were installed to furnish a supply of water to the purchasers of lots and other inhabitants of the subdivisions. In all but one or perhaps two of the subdivisions served by the Bel-Adams System, as lots were sold a charge of $25 per lot was made for the right to tap the watermain. The purchaser was required to pay such charge before getting a deed. And the amounts thus charged and collected were used to reimburse plaintiffs for their investment in the water system. No like charge was made and collected in connection with the sale of lots in the subdivisions served by the Schaefer System. But the cost of the system was treated as a tract expense. It was prorated among the several lots within the subdivision and the sale prices were enhanced accordingly. As each subdivision was platted, an aggressive campaign for the sale of lots was carried forward. Advertising was employed. Emphasis was placed upon the availability of water for domestic use. And lots aggregating many hundreds in number were sold. No useful purpose would be served by detailing at length the evidence which tended to throw light in varying degrees upon the amount which plaintiffs had received as reimbursement for the installation of the two systems. It suffices to say that we think the finding of the court that plaintiffs had more than received the amount invested in the installation of such systems was adequately sustained by the evidence and the inferences fairly to be drawn from the evidence; and therefore such finding must stand on appeal.
 
 
 4
 The City and County of Denver is a single municipal subdivision of Colorado. At the time of the platting of the several subdivisions and the installation of the two water systems, the subdivisions lay outside of the territorial limits of such city and county. Purchasers of lots within the subdivisions erected residences thereon, and these were connected with the water system serving the particular subdivision. While some of the water furnished to the inhabitants was obtained otherwise, much of it was obtained through purchase by those operating the systems from the city and county. The water thus obtained was metered into the systems and then made available to consumers within the subdivisions. After the systems had been installed and while being used for the purpose of furnishing water to the inhabitants of the subdivisions, the territory within the subdivisions was through appropriate procedure annexed to the city and county. Instead of providing new or different water facilities for such consumers, the city and county took over and used the pipes, connections, fittings, and other like facilities of the systems already installed. The water systems were installed for the purpose of making the lots within the subdivisions salable and usable for residential purposes. Their intended purpose from the outset was to serve the purchasers of lots, the consumers of water, and the public. And prior to the annexation of the territory to the City and County of Denver, the Public Utilities Commission of Colorado issued conventional certificates of convenience and necessity for their operation. The acts and conduct of plaintiffs, considered as a whole, constituted a dedication in law of the systems to the use and benefit of the owners of lots, the consumers of water, and the public. And under the express finding of the court, at the time of the annexation plaintiffs had been completely reimbursed for their investment in the systems. Under such finding, plaintiffs did not then have any un-repaid investment in the property. The water systems having been dedicated to a public purpose, plaintiffs having been completely reimbursed for their investment in such systems, the territory within which the subdivisions were located having been validly annexed to the city and county, and the city and county being under the duty to protect the public health, welfare, and the safety of the inhabitants of the annexed area, the action of the city and county in taking charge and control of such systems for use in furthering the public purpose to which they were dedicated did not constitute the wrongful taking or appropriation of property of plaintiffs which rendered the city and county liable in damages for conversion. Ford Realty & Construction Co. v. City of Cleveland, 30 Ohio App. 1, 164 N.E. 62; Suburban Real Estate Co. v. Incorporated Village of Silverton, 31 Ohio App. 452, 167 N.E. 474; City of Danville v. Forest Hills Development Corp., 165 Va. 425, 182 S.E. 548; Royal Oak Township v. City of Ferndale, 309 Mich. 458, 15 N.W.2d 707; South Memphis Land Co. v. City of Memphis, 18 Tenn.App. 142, 74 S.W.2d 209; Spaugh v. City of Winston-Salem, 234 N. C. 708, 68 S.E.2d 838.
 
 
 5
 On the separate appeal of the third-party defendant and cross-claimant, it is urged that the court erred in failing to provide in its judgment that plaintiffs should dismiss a certain case pending in the District Court of Arapahoe County, Colorado. The action in the state court had been instituted by the plaintiffs here against the third-party defendant and cross-claimant here. The parties to that action were parties to this one. And the issues in that case were substantially like certain issues joined in this case. But whether that action should be dismissed was a matter for the state court to determine, subject to review on appeal. It was not the duty or province of the court in this case to order disposition of that case.
 
 
 6
 The judgment is affirmed.