BESSEMER IMPROVEMENT COMPANY v. CITY OF GREENSBORO

(Filed 10 January, 1958.)

1. Pleadings § 19c—

A demurrer for failure of the complaint to state a cause of action cannot be sustained if the facts alleged entitle plaintiff to relief of some character, even though not to the extent or in the form asked for or reason asserted.

2. Municipal Corporations § 7c—

The opening and closing of streets is a governmental function of a municipality, G.S. 160-200 (11), G.S. 160-204, G.S. 160-222, and a contract of the city to the extent it purports to restrict the statutory discretion vested in its governing body in this regard is *ultra vires* and void, and no action for compliance with such contract can be maintained.

3. Same—City may not acquire property in consideration of its use in a particular manner and elect not to use it in such manner without paying fair compensation.

Plaintiff, the owner of land within a municipality, alleged that it conveyed certain streets therein to the municipality as part of the consideration for the city's agreement to maintain the streets as shown on map, and that thereafter the municipality conveyed the main thoroughfare to the State Highway Commission for a limited access highway. *Held:* While plaintiff may not maintain an action to recover damages to its property resulting from the conversion of the main street to a limited access highway or force compliance by the city of its agreement to keep the other streets open, the city acquired the easements for the streets as consideration for their use in a particular manner, and upon its election not to make compensation in the manner agreed upon, it is under obligation to pay the fair and just value of the property, and therefore demurrer to the complaint should have been overruled.

APPEAL by plaintiff from *Olive, J.,* September 9, 1957 Civil Term of GUILFORD, Greensboro Division.

Defendant demurred to the complaint for failure to state facts sufficient to constitute a cause of action. The demurrer was sustained, the action dismissed, and plaintiff appealed.

*Jordan, Wright & Henson and Walser & Brinkley for plaintiff appellant.*

*H. J. Elam, III and King, Adams, Kleemeier & Hagan for defendant appellee.*

Rodman, J. Does the complaint, liberally construed, state facts which suffice to show that plaintiff has been injured by some wrongful act of defendant?

The demurrer cannot be sustained if the complaint states facts which entitle plaintiff to relief of some character, even though not to the extent or in the form asked for or reason asserted.

The complaint in brief alleges: Plaintiff is and was, prior to 29 October 1948, the owner of a tract of land approximately a mile square, situate within the boundaries of defendant municipal corporation. A public street of defendant, Bessemer Avenue, crossed this property, dividing it into two approximately equal parts. Bessemer Avenue is an east-west street. It intersects Summit Avenue, a north-south street of defendant and plaintiff's western boundary. On the east it crosses the tracks of Southern Railway, plaintiff's eastern boundary. Prior to October 1948 plaintiff had prepared and partially consummated a plan for the subdivision of its property. It or its predecessor in title had laid water and sewer mains. Streets had been plotted, marked and paved so as to provide convenient access not only to the various parts of plaintiff's property but to differing parts of the City of Greensboro. Plaintiff had zoned the various parts of its property so as to confine them to appropriate uses. The plan of development, including location of streets, zoning of areas, and other details were worked out to conform with an overall plan of the Planning Department of the City of Greensboro. The city's Planning Department proposed the construction and maintenance of broad thoroughfares to carry traffic from one part of the city to another. Its plan called for a north-south boulevard to run from the northern portion through the eastern portion to the southern portion of the city. To accomplish this purpose the city proposed to use Benbow Road, a private road constructed by plaintiff, running north and south and approximately through the middle of plaintiff's property, intersecting Bessemer Avenue about the center of the property. In furtherance of the work of the Planning Department, plaintiff and defendant, on 29 October 1948, entered into

a contract, copy of which is annexed to and made a part of the complaint. The recitals and contract provisions here material follow:

"WHEREAS, certain paved streets and highways are located on the said property, which streets and highways are in need of repairs and resurfacing, and the party of the first part desires the City to make the said repairs and resurfacing to the said streets and highways and to take over the said existing paved portions of said streets and highways as paved streets; and, further, to maintain said streets and highways as a part of the city system of streets and highways; and

"WHEREAS, the party of the first part desires to dedicate the said streets and highways as city streets, and the City is willing to accept the dedication of the said streets and highways and the existing paved portion thereof as paved streets provided that the said streets and highways are repaired and resurfaced; and . . .

"Now, THEREFORE, for and in consideration of the sum of $50,000.00, the receipt of which is hereby acknowledged, the City of Greensboro agrees to take over, as paved streets and as of the date of this contract, all of the existing paved portions of said streets shown on the attached map as paved streets, and to place the said sum in its maintenance and repair fund to be used in repairing and resurfacing the existing paved portions of said streets; and further agrees to keep up the existing paved portions of said streets as paved streets in as full and ample a manner as other paved streets are now maintained, the width of the pavement to be maintained by the City not to exceed thirty-six (36) feet, and without further charges against the owners of the abutting property for the maintenance or repair of the said streets. . . .

"It is further understood and agreed that the Bessemer Improvement Company reserves the right to cross all streets, within that part of the property shown hereon which is now zoned for industrial purposes, with railway tracks and industrial sidings at such points as may be reasonably necessary to serve such properties, except Benbow Road, which shall be crossed at only one point. . . .

"It is further understood and agreed that certain streets shown on the said map may be closed or changed, by mutual agreement between the party of the first part and the City, in accordance with the statutes and ordinances in such cases made and provided."

As a part of the consideration for the contract plaintiff gave to defendant a right of way 120 feet in width from its northern to its southern boundary for the extension of Benbow

Road as one of the thoroughfares to be constructed and maintained by the city. On 8 December 1950, at the request of the engineering department of the city, plaintiff conveyed to it a small triangle near its southern boundary to be used in connection with the planned development of Benbow Road. When the rights of way for Benbow Road were conveyed, it was specifically agreed that the city would construct a boulevard along Benbow Road in accordance with the then existing plans. Defendant, without notice to plaintiff, abandoned the plans agreed upon for the construction of the boulevard using Benbow Road as a part thereof and in May 1955 entered into a contract with the State Highway Commission for the construction of a limited or controlled access highway through plaintiff's property, and in compliance with said contract, defendant transferred to the Highway Commission the rights of way along Benbow Road which defendant acquired in 1948 and 1950 from plaintiff. The Highway Commission has, in accord with its contract with defendant city, constructed a highway across plaintiff's property with a division strip all the way down the center of the highway. The several streets constructed by plaintiff, taken over by defendant under the contract of 1948, have been closed and access via these streets denied to what was Benbow Road. Plaintiff's property abutting on the highway is likewise denied access to the highway, and as a result thereof the values of this property have been substantially reduced. Plaintiff avers that defendant breached its contract of October 1948 by contracting with the Highway Commission for changes in Benbow Road and the closing of other streets without plaintiff's consent. It asserts it has been damaged in the sum of $581,870 by defendant's breach of contract.

Defendant would shield itself from liability on these legal principles: (a) the opening, closing, and manner of maintaining streets is a governmental function which cannot be bargained away, and any contract purporting to do so is *ultra vires* and void; (b) the construction of O. Henry Boulevard (the new name given to Benbow Road) was the act of the Highway Commission, and if the construction of the highway has resulted in a taking of plaintiff's property, it has an adequate remedy under Ch. 40 of the General Statutes.

Defendant is correct in its assertion that the opening and closing of streets is a governmental function, G.S. 160-200(11), 204, and 222. *Lee v. Walker,* 234 N.C. 687, 68 S.E. 2d 664; *Sanders v. A.C.L.,* 216 N.C. 312, 1 S.E. 2d 902; *Plant Food Co. v. Charlotte,* 214 N.C. 518, 199 S.E. 712; *Ham v. Durham,* 205 N.C. 107, 170 S.E. 137; *Hoyle v. Hickory,* 164 N.C. 79, 80 S.E. 254; *Tate v. Greensboro,* 114 N.C. 392.

A contract purporting to restrict the statutory discretion vested in the governing body of a municipality is *ultra vires* and to the extent of such limitation void and can of course furnish no right of action for noncompliance. *Britt v. Wilmington,* 236 N.C. 446, 73 S.E. 2d 289; *Raleigh v. Fisher,* 232 N.C. 629, 61 S.E. 2d 897; *Jenkins v. Henderson,* 214 N.C. 244, 199 S.E. 37; *Madry v. Scotland Neck,* 214 N.C. 461, 199 S.E. 618; *Realty Company v. Charlotte,* 198 N.C. 564, 152 S.E. 686; 25 Am. Jur. 553; 39 C.J.S. 1033.

While no liability can be imposed for noncompliance with a void contract, properties acquired as a consideration, for the contract cannot be retained without making compensation therefor. The fact that the municipality is an agency of the State does not affect the obligation to make fair compensation for the property transferred and retained. *Mfg. Co. v. Charlotte,* 242 N.C. 189, 87 S.E. 2d 406; *Hawkins v. Dallas,* 229 N.C. 561, 50 S.E. 2d 561; *Moore v. Lambeth,* 207 N.C. 23, 175 S.E. 714; *Brunswick County v. Inman,* 203 N.C. 542, 166 S.E. 519; *Stephens Co. v. Charlotte,* 201 N.C. 258, 159 S.E. 414; *Realty Co. v. Charlotte, supra;* 38 Am. Jur. 193; 63 C.J.S. 595.

The demurrer admits that defendant, in 1948, acquired an easement 120 feet wide across plaintiff's property and an additional easement in 1950 on the promise that the property so conveyed would be used by defendant in a specific manner which would materially benefit plaintiff. Defendant has conveyed this property to the Highway Commission to be used for a different purpose. Defendant had legislative authorization to purchase the easement acquired in 1948 and 1950. G.S. 160-204. It promised to compensate plaintiff for the property rights so conveyed. It now elects not to make compensation in the manner then agreed upon. It is within its right in so electing, but this does not relieve it of the obligation of paying the fair and just value of the property rights which it acquired by virtue of its unenforceable promise.

Plaintiff cannot, in this action, recover damages to its property resulting from the conversion by the Highway Commission of Benbow Road, a street or way open to unlimited use, to O. Henry Boulevard, a limited access highway.

Reversed.